## Shultz *against* Chambers.

It is not a sufficient reason to arrest a judgment in an action of slander, that the innuendo enlarges the natural meaning of the words spoken.

The words " He had the money, for he hunted for it, and was seen there where the money was deposited," although not of themselves actionable without the aid of a colloquium, yet when connected with another count in the declaration, in which a colloquium is stated, by a distinct reference, a verdict and judgment upon both is good.

ERROR to the common pleas of *Adams* county.

Henry Chambers against John Shultz. This was an action of slander, in which the declaration consisted of three counts. After the usual commencement, they thus concluded:

First count.—Heretofore, to wit, on the 20th day of December A. D. 1837, at the county aforesaid, in a certain discourse which the said defendant then and there had of and concerning the said plaintiff, in the presence and hearing of one Joseph Miller, and of divers good and worthy citizens of this commonwealth, then and there, in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff, in the German language, the false, scandalous, malicious and defamatory words following, that is to say: "*Du hast die Katy ihre gelt gestohlen, und ich kan es pruven.*" Which said false, scandalous, malicious and defamatory words, are to the purport and meaning following, in the English language—" *You stole Katy's money and I can prove it.*" Thereby then and there meaning that the said plaintiff had been and was guilty of the crime of larceny, and that the said defendant could prove it—which said words were then and there understood by the persons in whose presence and hearing the same was spoken.

Second count.—And whereas also before and at the time of the committing of the grievances by the said defendant as hereinafter mentioned, it had been alleged that certain money of one Catharine Chambers, to wit, the sum of 100 dollars, had been and was feloniously stolen, taken and carried away, to wit at the county aforesaid; and afterwards, to wit on the day and year aforesaid, at the county aforesaid, in a certain other discourse which the said defendant then and there had of and concerning the said plaintiff and

[Shultz v. Chambers.]

of and concerning the theft of the said money, in the presence of other divers good and worthy citizens of this commonwealth, the said defendant further contriving and intending as aforesaid, then and there in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning the theft of the said money, the false, scandalous, malicious and defamatory words following, that is to say: "You (meaning the said plaintiff) took Katy's money out of the hole; you robbed the gal, and if you don't give her back the money, you shall answer for it at the last day." The said defendant thereby then and there meaning that the said plaintiff had been and was guilty of the crimes of larceny and robbery.

Third count.—And afterwards, to wit on the day and year aforesaid, at the county aforesaid, in a certain other discourse which the said defendant then and there had of and concerning the said plaintiff, and of and concerning the theft of the said money, in the presence of other divers good and worthy citizens of this commonwealth, the said defendant, further contriving and intending as aforesaid, then and there, in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning the theft of the said money, the false, scandalous, malicious and defamatory words following, that is to say: "He (meaning the said plaintiff) had the money, (meaning the money that had been stolen) for he (meaning the said plaintiff) hunted for it, and was seen there where the money was deposited." Thereby then and there meaning that the said plaintiff had feloniously taken and carried away the said money.

By means of the speaking and publishing of which said several false, scandalous, malicious, and defamatory words, &c. &c.  (Conclusion in the common form, without an allegation of special damage.)

The jury found a verdict for the plaintiff for one hundred dollars damages; and upon a motion in arrest of judgment for the insufficiency of the declaration, the court below (Durkee, president) entered judgment on the verdict generally, on all the counts.

Errors assigned.

1. The court of common pleas erred in entering judgment on the verdict in favour of the plaintiff. The finding of the jury is general upon the three counts in the declaration, and the third count is defective.

2. The words, as laid in the third count, are not actionable; and there is no inducement, and no colloquium, by reference to which the words can be rendered actionable.

3. The innuendo, in the second count, is found by the verdict to be true, which is impossible, under the circumstances previously stated, and reference to the alleged charge made by the defendant

VIII.—2 A*

against the plaintiff, as set forth.   No robbery could in law or in fact have been perpetrated; nor do the words indicate a larceny.

4. The terms of the innuendo in the second count, are inconsistent and contradictory: the same words could not impute both the crime of robbery and of larceny.

5. The innuendo in the the second count enlarges and extends the offence far beyond the charge, as previously laid in the same count.

6. The words in the second count, as laid, are not actionable.

7. The words in the first count, as laid, are not actionable.

8. It is not distinctly averred in the first count, that the German words spoken were understood by the persons present.

*Smyser* and *Reed,* for plaintiff in error, cited 2 *Esp. N. P.* 99, 512; *Stark. on Slan.* 217, 295; 1 *Bin.* 542; 1 *Chit. Pl.* 344; 5 *Johns.* 211; 3 *Rawle* 256; 5 *Johns.* 476.

*Cooper, contra,* cited 1 *Watts* 23; 5 *Johns.* 435; 3 *Bin.* 515; *Cowp.* 275; *Bl. Rep.* 959; 7 *Serg. & Rawle* 449; 2 *Watts* 17; 2 *Watts* 352; 30 *Com. L. Rep.* 422.

The opinion of the Court was delivered by

ROGERS, J.—The words laid in the second count are actionable without the aid of the colloquium and innuendo, as they impute to the plaintiff the commission of the crime of larceny.   " You (meaning the plaintiff) took Katy's money out of the hole; you robbed the gal, and if you don't give her back her money you shall answer for it at the last day."   The plaintiff is charged with an offence, viz: the felonious taking and carrying away the money of another, deposited in a particular place.   The word robbed is not used in its technical sense, but must, according to its general meaning, be taken as a charge of larceny, and an imputation of that description of offence to the plaintiff.   But in the innuendo the words are explained as a charge of larceny and robbery, and it is urged that the count is bad, because the innuendo has carried the words beyond their natural import.   But that this is no cause for arresting the judgment is decided in ~~2 Watts 21~~.

That was an action of slander, in which the declaration set out that the defendant had charged the plaintiff with having had a criminal connection with a woman, but omitted to state that the plaintiff was a married man, and the innuendo explained the words to mean that the defendant had charged the plaintiff with adultery.   A judgment for the plaintiff was held good, although it was truly objected that the words laid imputed fornication merely, and the innuendo explained this to be a charge of adultery.   The answer to the argument, that the charge of adultery was the ostensible cause of action, and that it must be presumed that it was for this injury the jury gave the damages.   The court, after acknowledging the full force of the objection, say, that it is notorious that juries

[Shultz v. Chambers.]

are governed by the case proved, instead of the case laid. It is not too much to presume, that the jury gave damages for the cause of action laid in that respect in which alone it was maintainable. Here the action could be sustained only as a charge of larceny; and it would be doing no violence to the justice of the case to suppose that it was for that alone the damages were given, and to reject the other as surplusage. We must take it that the damages are nearly commensurate to the injury, as otherwise the court would have relieved the defendant on a motion for a new trial. It has ceased to be the practice to arrest judgments in actions for slander on frivolous and technical objections. While the court should take care not to encourage such actions, yet a very nice adherence to form may throw too many difficulties in the way, to render it a safe and certain mode of redress for one of the greatest injuries a person can receive. Unless the party has some redress for an injury to his character and reputation, we cannot blame him if he resorts to personal violence, and this it is the duty of all civilized communities, as far as possible, to avoid. But considering this as an imputation of two distinct offences, I can perceive no reason why they may not be joined in the same count; and where the slanderous words are spoken at the same time, this would seem to be the proper mode of declaring, although it may be otherwise where uttered at different times, and plainly and distinctly relating to distinct and different transactions.

The words, " He had the money, for he hunted for it, and was seen there where the money was deposited," are not actionable without the aid of a colloquium. But the key to the meaning is furnished by the colloquium to the second count, which the pleading incorporates into the third count, by a plain and distinct reference. And this helps the third count, which, without its aid, would be bad. Taken in connection with that count, it appears the words were spoken in a conversation in which it was alleged that certain money of one Catherine Chambers had been feloniously taken and carried away. These words the innuendo explains to mean that the defendant charged the plaintiff with having feloniously taken and carried away the money referred to in the colloquium. And this is strictly correct, for the office of an innuendo is to elucidate the words spoken, by connecting them with the subject to which they refer, and averring their meaning. They must not be contradictory, it is true, but here I can perceive nothing except in explanation of the natural import of the word, when taken in connection with the subject matter, in reference to which they were spoken; and this the jury have found.

Judgment affirmed.