THE STATE *ex rel.*, etc., v. SQUIRES *et al.*

1. **Constitutional law:** SPECIAL LAWS: CURATIVE ACTS. While the legislature would not, in view of article 3, section 30, of the State Constitution, which prohibits the general assembly from passing local or special laws in certain enumerated cases, and in all other cases where a general law can be made applicable, have the power to pass

a special law incorporating an independent school district, it would, nevertheless, have the power to pass a curative act legalizing the defective organization of a school district already in existence under the general law authorizing the creation of independent school districts.

2. —— While such curative act is a local or special law, it is a case where a general law cannot be made applicable within the meaning of the Constitution, and is, therefore, not invalid.

3. —— TITLE OF ACTS. While an act can not, under article 3, section 29, of the Constitution, embrace but one subject, which must be expressed in the title, it may, nevertheless, embrace all matters properly connected therewith.

4. —— SUBJECT NOT EMBRACED IN TITLE. If an act embrace a subject not expressed in the title, the act will be void only as to so much thereof as is not thus expressed.

5. —— EX POST FACTO AND RETROSPECTIVE LAWS. A retrospective law is not necessarily *ex post facto*. The term *ex post facto* applies only to criminal laws, such as make acts, innocent when done, criminal; or, if criminal when done, aggravate the crime, increase the punishment or reduce the measure of proof.

6. —— RETROSPECTIVE LAWS NOT UNCONSTITUTIONAL. Retrospective laws, as distinguished from *ex post facto* laws, are not in conflict with the Constitution of the United States, nor of this State.

7. —— LEGISLATIVE POWER TO PASS. In the absence of any constitutional inhibition, a State legislature has the power to pass retrospective or retroactive laws, and they will not be declared inoperative except when they disturb or interfere with vested rights.

8. —— CURATIVE ACT. As a requisite to the rightful exercise of the legislative power to cure a defective proceeding, it must have possessed the power to authorize the same result by prior legislation; though it is not necessary that it might have accomplished the result in the precise manner it has adopted to cure the defect.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 27.

THIS is a proceeding by information in the nature of a *quo warranto*, filed by the district attorney on March 28, 1868, under chapter 151 of the Revision of 1860, sections 3752 to 3757. The petition states that the defend-

ants claim to be the officers of 'a corporation, styled "The Independent School District of Epworth," but which is in fact, sub-district No. 4 in Taylor township in Dubuque county; that said independent district is illegal, for that it did not when organized, in April, 1866, contain three hundred inhabitants, nor were ten days' notice of its organization given, as required by section 85 of chapter 172 of the Laws of 1862; that said defendants were acting as directors and other officers of said independent district, and were about to receive the school fund as if legally organized; whereas, in fact and law, certain other persons named were the officers of said subdistrict No. 4, and entitled to receive the money, etc. The petition prayed that defendants be ousted, etc.

The defendants answer and deny that the territory organized into said independent district did not contain three hundred inhabitants, or that ten days notice were not given, and deny each and all the averments of the petition. The answer then avers, that by an act of the legislature of Iowa, approved March 6, 1868, entitled "An act to legalize the organization of the independent school district of Epworth, county of Dubuque, Iowa," being chapter 21 of Laws 1868, and which had taken effect by publication, the organization of said district was duly legalized. A copy of the act, duly certified, was annexed to the answer. The plaintiff demurred to this last paragraph of the answer, because, first, said act is a local and special law, and not of uniform operation, and in a case where a general law could be made applicable, and is therefore void by the Constitution, article 3, section 30; second, it is equivalent to creating a corporation by special law, and void by the Constitution, article 8, section 1; third, it is *ex post facto* and retrospective, and could not cure defects existing in April, 1866; fourth, it embraces more than one subject, and the same is not expressed in

its title; Constitution, article 3, section 29; and fifth, it is void, for granting privileges not equally to all, by Constitution, article 1, section 6. This demurrer was overruled. The plaintiff stood thereon, and judgment being rendered for the defendants, the plaintiff excepted and appeals.

*D. S. Wilson* and *S. M. Pollock* for the appellant.

*Shiras & Van Duzee* for the appellees.

COLE, J. — But few cases in this court have received more careful and elaborate attention at the hands of

1. CONSTITU- counsel than this. We were favored with able
TIONAL LAW: oral arguments at bar, and these have been
special laws:
curative acts. followed by extended printed and written arguments evidencing the most thorough research and learning upon the points discussed. The attention bestowed upon the case by counsel, is equal to the magnitude of the questions involved, and far exceeds the importance of the interests to the parties now before the court.

It is claimed by appellant's counsel that under our Constitution (art. 3, § 30), which provides that the general assembly shall not pass local or special laws, etc., it would not be competent for the legislature to pass a law incorporating the "independent school district of Epworth." This proposition cannot be successfully controverted. It finds an abundant support in the previous decisions of this court. *Ex parte Pritz,* 9 Iowa, 30; *Davis & Brothers* v. *Woolnough,* id. 107; *Baker & Griffin* v. *Steamboat Milwaukie,* 14 Iowa, 214; *McGregor* v. *Bayliss,* 19 id. 47. In our view, however, the act set up in the defendant's answer is not, in any just sense, a law creating a corporation, but is, both in law and fact, what its title purports, a curative act legalizing the defective organization of an independent school district.

It is next claimed that the curative act relied upon in the defendant's answer, and to which the demurrer is aimed, gives to the "independent school district of Epworth" its only legal vitality; and since the legislature could not do this by a direct *creative* act, it cannot do it indirectly, under the guise of a curative act.

It might well be conceded, for the purposes of this case, if not wholly, that the legislature cannot do indirectly, what it has not the power to do directly. But it cannot be successfully controverted that the legislature has the power to create, or authorize the creation of independent school districts. This power, however, must be exercised by a general law of uniform operation, and it has been so exercised. See Laws of 1862, ch. 172. The power of the legislature, then, to create the independent school district of Epworth, must be conceded. Having the power to do it directly, it would follow that it might do it indirectly, unless the manner in which it was sought to be done is inhibited by the Constitution.

And here, again, it is claimed that the special law is inhibited by article 3, section 30 of the Constitution, which forbids the general assembly to pass any local or special laws in certain enumerated cases, " and in all other cases where a general law can be made applicable." That this is a local law cannot well be questioned. Is it a case where a general law can be made applicable ?

Certain irregularities in the manner of the organization of the independent school district of Epworth, are alleged to have occurred. No other such precise or analogous case is alleged or suggested as existing anywhere else in the State. No legal presumption arises that there is one. A general law, therefore, which would be suited to the necessities of the independent school district of Epworth, could have no other or greater operation than the act in question ; and if it could or would

have no other effect, then no advantage could be derived, nor any evil avoided, by making a general law instead of the law which was enacted. This law, then, is not within the evil which the Constitution sought to provide against, nor would the enactment of a general law therein afford any remedy for, or relief from, that evil. See *Town of McGregor* v. *Bayliss*, 19 Iowa, 43. A general law, therefore, would not be applicable under the meaning of that term, as used in the Constitution. The act is not in conflict with article 3, section 30, or article 1, section 6.

But a further constitutional objection to the law in question is made, for that it embraces more than one

3. —— title of acts.

subject and the same is not expressed in its title. The act is entitled, "An act to legalize the organization of the independent school district of Epworth, county of Dubuque, Iowa." The act contains a preamble and three sections; the first section legalizes the organization of the district, the second legalizes the acts of the *de facto* officers of the district, and the third provides for the taking effect of the act by publication. Our Constitution (art. 3, § 29) provides, that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." The subject expressed in the title, is the legalizing of the organization of the district. Properly connected therewith is the legalizing of the acts of the officers of such district, since the full object, as expressed in the title, could not be accomplished without the provisions of the second section. A good illustration of this idea may be found in our "Act in relation to revenue" (Rev. of 1860, ch. 45), which not only provides for the assessment, levy and collection of taxes, but also for the sale of the land, redemption from sale, the conveyance by the treasurer in default of redemption, the recording

of such conveyances, and a statute of limitations in relation to the title, etc. All these are properly connected with revenue, as they aid in effectuating the purpose and subject of the enactment, as expressed in the title. *The State ex rel.* v. *The County Judge, etc.,* 2 Iowa, 280; *Morford* v. *Unger,* 8 id. 82; *Davis & Bro.* v. *Woolnough,* 9 id. 104.

But the Constitution also provides, in the same section, that "if any subject shall be embraced in an act which

4. —— subject not embraced in the title.

shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." So much of the act as is contained in the first section, and the subject of which is clearly expressed in the title, would, beyond a question, be valid, as against any objection founded on this provision of the Constitution; and this section being valid, would constitute a bar to plaintiff's action.

Another ground of demurrer is, that "said act is *ex post facto* and retrospective, and cannot legalize said

5. —— *ex post facto* and retrospective laws.

alleged independent school district organization, or the acts of its alleged officers, the defects whereof existed April 9, 1866." It is upon this ground that the act is most vigorously assailed. We may here remark, that it is not, in any sense, and cannot be, *ex post facto.* That term applies only to criminal laws; such laws as make acts, innocent when done, criminal; or, if criminal when done, aggravate the crime, or increase the punishment, or reduce the measure of proof. Every *ex post facto* law is necessarily retrospective; but the converse is not true. *Ex post facto* laws are prohibited by the United States Constitution (art. 1, §§ 9 and 10), but retrospective laws are not prohibited by the federal or our State Constitution. *Calder* v. *Bull,* 3 Dallas, 386; *Dash* v. *Vankleeck,* 7 Johns. 477; Cooley's Const. Lim. 264; Sedg. on Stat. & Const. Law. 191.

Retrospective laws, as distinguished from *ex post facto* laws, are not in conflict with the United States Constitution, nor are they in conflict with our State Constitution. The Constitutions of the States of New Hampshire, Tennessee and Texas, are understood to prohibit the legislature from passing retrospective laws. *Woart* v. *Winnick*, 3 N. H. 481; *Clark* v. *Clark*, 10 id. 386; *Rich* v. *Flanders*, 39 N. H. 304; *DeCordova* v. *Galveston*, 4 Texas, 470; *Fisher's Negroes* v. *Dobbs*, 6 Yerg. 119. See the limitation on the power in Ohio, set forth in *Goshaun* v. *Parcell*, 11 Ohio St. 64.

6. —— retrospective laws not unconstitutional.

In the absence of any constitutional inhibition, it has been uniformly held, that the legislature has the power to pass retrospective or retroactive laws. Whenever such laws interfere with vested rights, they are (generally) held void or inoperative for that reason, and not because they are retrospective. But the power to pass retrospective laws is liable to abuse, and such laws, more than others, are often found to operate oppressively; and for these, and perhaps other reasons, it is a well established rule of the courts to construe all statutes as having only a prospective operation, unless the legislature expressly declare, or otherwise show a clear intent, that it shall have a retroactive effect. Without analyzing or citing the numerous decisions, both State and federal, illustrating and vindicating these principles, we content ourselves with a statement of them, and a reference to the cases based thereon decided by this court. *Davis* v. *O'Farrell*, 4 G. Greene, 168; *McMillen et al.* v. *Boyles Co. Judge*, 6 Iowa, 304, and briefs of counsel, and authorities therein cited. *Phares* v. *Walters*, id. 106; *Montgomery* v. *Chadwick*, 7 id. 114; *Brinton* v. *Seevers*, 12 id. 389; *Reynolds* v. *Kingsbury*, 15 id. 238; *Jones* v. *Berkshire*, id. 248; *Bartruff* v. *Remey*, id. 259; *Newman* v. *Samuels*, 17 id. 528, opinion of DIL-

7. —— legislative power to pass.

LON, J., on pp. 552, 553; *Boardman* v. *Beckwith*, 18 id. 292; *Decorah* v. *Bullis*, 25 id. 12.

We have already referred to the point, that, in order to the rightful exercise of the legislative power to cure a defective proceeding, the legislature must have possessed the power to authorize the result by prior legislative enactment. But it is not necessary that it might have accomplished the result in the precise manner it has adopted to cure the defect. In the case at bar, the legislature might, by a general law providing· for the incorporation of independent school districts, have authorized their organization in districts having less than three hundred inhabitants, and upon less than ten days' notice. Having this power, it may rightfully legalize or cure the organization which was defective only because of a failure to comply with the particular requirements which it was competent for the legislature to have waived entirely in the original law. It was a matter of discretion with the legislature to require the performance of these precedênt conditions; hence, it may waive a failure to perform them. Nor is the power of the legislature to cure defective or irregular proceedings limited by the fact, that, but for such curative act, the defective proceeding would be wholly invalid or inoperative. *Wilkinson* v. *Leland*, 2 Peters. 661; *Satterlee* v. *Matthewson*, id. 412; *Watson* v. *Mercer*, 8 id.; *Cowgill* v. *Long*, 15 Ill. 203; *Menges* v. *Wertman*, 1 Penn. St. 218. Nor is it material that a cause was pending involving the question of the validity of the proceeding sought to be cured, when the act curing it was passed. *Cowgill* v. *Long, supra; Underwood* v. *Lilly*, 10 Serg. & Rawle, 97; *Taggart* v. *McGinn*, 14 Penn. St. 155; *Hepburn* v. *Curts*, 8 Watts, 300; *Bradder* v. *Brownfield*, 2 Watts & Serg. 271.

It cannot be claimed that the act in controversy divests

*8. — curative act.*

or interferes with vested rights, or that it contravenes sound public policy. But, on the contrary, it is reasonable, and conducive to the public good, in quieting litigation and otherwise, and as it does not conflict with the Constitution or violate any principle of justice, it should be upheld.

Affirmed.