## THE STATE OF IOWA V. MYERS.

1. INDICTMENT: DUPLICITY. An indictment charging the defendant with counterfeiting, and also with having in his possession counterfeit coin with intent to utter the same, is not objectionable for duplicity. Code of 1851, section 2634.
2. CONSTRUCTION. Conjunctions connecting different definitions of the same offense will be construed as copulative or disjunctive, as the clear intent of the law may require.
3. SAME. The conjunction in section 2634 of the Code, though copulative in form, will be construed as disjunctive in sense.
4. SAME: EVIDENCE. A defendant may be convicted under section 2634, though the offense shown by the evidence be brought within but one clause of said section.

*Appeal from Henry District Court.*

SATURDAY, JUNE 9.

THE indictment charged that the defendant forged and counterfeited gold and silver coin, and that he had in his possession counterfeit coin, knowing the same to be false and counterfeited, and with intent to utter and pass the same as true, &c. Trial and verdict of guilty. The defendant appeals, and assigns the errors presented in the opinion of the court.

*Clark & Doolittle* for the appellant.

*S. A. Rice,* Attorney General, for the State, relied upon *The State* v. *Abrams,* 6 Iowa 117; *Sturgis* v. *Commonwealth,* 6 Met. 241; 1 Bish. Cr. L. section 148.

LOWE, C. J.—In reviewing the record in this cause we find but one question raised that possesses the semblance of error, and that question we have very recently decided against the appellant in the case of *The State* v. *Cooster, ante.*

In this latter case the defendant was indicted under section 2721 of the Code for keeping a gambling house, and also for suffering other persons to gamble at his house. The

two charges are in different clauses in the same section connected by a conjunction disjunctive, and were both set out in the same indictment; yet we held in that case that the indictment was not multifarious, but described only one offence in fact, the guilt of which might be incurred in either method specified.   See the authorities there referred to.

In this case the defendant was indicted for counterfeiting, and also for having in his possession counterfeit coin with intent to utter, &c.; and the objection is again made that here are two distinct offences charged in the same indictment.   It differs from the other case only in this, the two clauses containing these charges in the same section, 2634 of the Code, are connected with a conjunction copulative instead of with a disjunctive, which makes an explanation necessary.

Applying the strictness of interpretation usually given to criminal law, to section 2634 of the Code, a defendant before he could be convicted would have to be brought within the words of each conjunctive clause of that section.   But to give a construction to this section to the effect that a man could not be convicted of having counterfeit money in his possession with intent to pass the same, without also showing that he counterfeited coin, and so *vice versa*, would be absurd and against the obvious intent of the law; and hence it is necessary in order to carry out the spirit of the law, for the courts (as they frequently do) so to interpret the conjunction, as to make it disjunctive or copulative, according to the sense which the law most clearly requires.   1 Bish. Cr. L. 148, Ib. 134., and references there made.   In the section under consideration the conjunctive was clearly intended to be disjunctive.   Indeed the objection itself presupposes this to be the case; otherwise it would have no foundation.

But conceding this fact, the objection nevertheless is not well taken.   The case would then fall within the reasoning and ruling of this court in the case of *The State* v. *Cooster*, which need not again be repeated.

Judgment affirmed.