## BOARDMAN v. BECKWITH *et al.*

1. **Waiver:** MOTION. When the record discloses no action of the court upon a motion filed, the appellate court will presume that it was waived by the party filing it.

2. **Pleadings:** EXHIBITS. Section 3570 of the Revision of 1860 does not require that a party in an action for the recovery of real property shall annex, as an exhibit to his petition, the evidence of his title.

3. **Practice:** TIME OF OBJECTION. Objections to the introduction of evidence, not presented to the court below, will not be considered by the appellate court.

4. **Statutes:** CURATIVE ACT: TAXATION. The legislature may, by retroactive legislation, legalize the levy and assessment of taxes, and prescribe the manner in which property may be sold for the satisfaction of the same.

5. **Parties:** REAL PARTY IN INTEREST. The party holding the legal title to real estate is the proper party plaintiff to an action to recover the same, notwithstanding he holds the title as the trustee of an express trust.

6. **Practice:** MOTION FOR A NEW TRIAL. A motion for a new trial, upon grounds other than newly-discovered evidence, filed more than three days after the decision of the cause, should be overruled by the court.

*Appeal from Marshall District Court.*

MONDAY, APRIL 10.

RIGHT. Plaintiff traces his title to a tax-deed for the delinquent taxes of 1858. Trial and verdict for plaintiff, and defendants appeal. For other facts, see the opinion.

*L. W. Griswold* for the appellants.

*Henderson & Boardman* for the appellee.

WRIGHT, Ch. J.— I. It is urged that an equitable cause was pending, instituted by defendants, relating to this same property, and that their motion to continue this cause until the other could be determined should have been sustained. To this point a sufficient answer is, that the record does not show that this motion was ever

1. WAIVER:
motion.

Boardman v. Beckwith.

called to the attention of, or passed upon by, the court below. For aught that appears, defendants waived it; and if so, of course they cannot now complain that they did not obtain a continuance.

II. It is next claimed the plaintiff's action is founded on a written instrument; and as copies of his title papers 2. PLEAD- were not set out in or annexed to the petition, INGS: exhibits. the court erred against defendant's objection in admitting the originals in evidence. We do not so understand the statute. The Revision (§ 3570), prescribes the requisites of a petition in this class of cases, and there is no intimation here or elsewhere, that a party in an action for the recovery of real property must annex the evidence of his title. And see the note to this section, and *Dorcey* v. *Patterson*, 7 Iowa, 420; *Walkup* v. *Zehring*, 13 Id., 306. Section 2964 relates to a very different class of cases than that now before us. And see further *Vannice* v. *Greene*, *Traer & Co.*, 14 Id., 262.

III. The objection that the treasurer's tax deed does not show each kind of tax, interest and costs for each lot or 3. PRACTICE: tract of land, &c., was not made at the time the time of objection. deed was offered in evidence, and need not now be considered. Objections were made upon two grounds, one of which we have just considered, and the other is the fourth and main point in the case which we now proceed to examine.

IV. The property in controversy was sold by the treasurer on the 1st Monday in October, 1860, for the 4. STATUTES: delinquent taxes of 1858, and deed made Octo- curative act: taxation. ber 20, 1863. Appellants object that there was no law in force, authorizing the levy or collection of taxes for the year 1858.

On the 22d of March, 1858, a general act was passed relating to revenue (Laws 1858, ch. 152), which took effect July 4, 1858 and repealed all prior acts in conflict there

with. By this act, however, no provision was made for the levy and assessment of taxes for 1858. At the next session of the General Assembly (April 2, 1860), an act was passed to "enforce the collection of delinquent taxes for the year 1858," which, in the preamble, refers to the prior legislation and the omission aforesaid; reciting further, that taxes were assessed and levied in pursuance of the laws in force prior to 1858, and that many persons had refused to pay the same. Then follows an enactment legalizing such levies and assessments with like effect as if chapter 152 had not been enacted, and also declaring it to be lawful for, and the duty of the several collectors to proceed in the collection of all taxes thus legalized, as in other cases of like delinquent taxes assessed pursuant to law. And by the last section it is declared, that the title to all property sold in the collection of delinquent taxes in said act legalized, shall vest in the purchaser with like effect as if said taxes had been legally assessed, and said sales had taken place in pursuance of law. (Rev., §§ 812–814.)

The point made upon this legislation is that it was not competent for the General Assembly to thus legalize the levy and assessment of 1858; that as there was no law at the time authorizing such levy and assessment, all proceedings thereunder, notwithstanding the curative act, were illegal and void. Whatever doubt there might be, if the act of 1860 had taken effect *after* the sale and purchase under which plaintiff claims, there can be no room for controversy when it is remembered that it was passed and took effect long prior to that time (this act took effect May 9, 1860). That it is competent to thus legislate we entertain no doubt. The power of the legislature to pass acts of this character, conducive as they are to the general welfare, and based upon considerations of controlling public necessity, is, in our opinion, undoubted. It does

Boardman v. Beckwith.

not interfere with vested rights, nor impair the obligation of any contract. Nor is it, we may remark in further answer to appellants' argument, a general statute, having other or less than a uniform operation. It has the operation contemplated by art. 3, § 30, of the State Constitution; for in no just legal sense is it local or special, but general and uniform. And upon this point see *Bartruff* v. *Remey*, 15 Iowa, 257.

V. Appellants complain that they were not allowed to introduce a certain bond, and other evidence, for the purpose **5. PARTIES:** of showing that one Woodbury was interested in **real party in interest.** the prosecution of this action, and that he, and not plaintiff, should have brought the same. An examination of the bond satisfies us that the court properly rejected the evidence. That plaintiff held the legal title as against said Woodbury (under whom he claims), is beyond doubt. The bond or agreement offered only shows that plaintiff, upon certain terms and conditions, was to account to Woodbury for the proceeds arising ˄ ᴑm certain lands (including that in controversy) boᵤgᵤt for taxes, the full legal title being in plaintiff, who agrees to pay therefor according as the adventure might prove fortunate or otherwise. But there is nothing to indicate that Woodbury retained any part of the legal title. At most, as between them, Boardman could only be regarded as the trustee of an *express trust;* and, as such, he was properly the sole plaintiff. And as this written evidence of their respective rights is and must be accepted as the test, we need not consider the oral testimony offered upon the same subject.

VI. The judgment was rendered on the 1st day of September, 1864. On the 2d, a motion for a new trial, covering **6. PRAC-** the above points, was made and overruled. On **TICE: motion for** the 8th, a second motion was made, upon different **new trial.** grounds, and disposed of in the same manner.

As no one of the causes in this last motion was "for

newly-discovered evidence," and as it was made more " than three days after the decision was rendered," the court properly disregarded and overruled the same. (Rev., § 3114.)

Affirmed.