## HUFF. v. COOK.

1. **County Superintendent**: ELIGIBILITY OF WOMAN: CONSTITUTIONAL LAW. There is no constitutional inhibition upon the right of a woman to hold the office of county superintendent.

2. ———: ———: RETROACTIVE STATUTE. In the absence of a constitutional restriction, the General Assembly may confer upon woman the right to hold an elective office or by a retrospective statute confirm her election thereto.

3. ———: ———: ———. That such a retrospective statute was not passed until after a judgment was rendered by the inferior court, holding her to be ineligible, will not deprive her of the right to its benefits upon appeal.

4. ———: ———: STIPULATION. In like manner she was held entitled to avail herself of the curative act in the Supreme Court, notwithstanding a stipulation that the cause should there be heard and determined upon the pleadings and agreed statement of facts on which the cause was tried below.

*Appeal from Warren Circuit Court.*

WEDNESDAY, OCTOBER 6.

THE plaintiff and defendant were candidates for the office of superintendent of common schools. The defendant received a majority of the votes cast and the plaintiff in the manner pointed out by law commenced proceedings contesting the right of defendant to hold such office, and claiming that he was duly and legally elected and was entitled to have and hold said office.

The proceeding thus commenced culminated in an appeal to the Circuit Court, which court determined that the defendant "being a woman was ineligible to the office of superintendent of common schools of Warren county, Iowa, for which she was a candidate and received a majority of all the ballots cast at said election," and that the "plaintiff is not entitled to the said office of superintendent of said Warren county by reason of said election, and having failed to receive a majority of the votes cast at said election for said office was not entitled thereto."

The defendant appealed from the judgment against her to this court.

*Bryan, Maxwell & Seevers*, for appellant.

*Williamson & Parrott*, for appellee.

SEEVERS, CH. J.—As the plaintiff has not appealed from the judgment of the Circuit Court, the judgment of that court that plaintiff is not entitled to said office is conclusive as to his rights, and such question is not before us.

The sole question to be determined is, was the defendant eligible or can she hold, exercise and perform the duties and receive the emoluments of said office. The only objection urged is that she is a woman and therefore cannot hold any office of this character which is elective by the people.

It is not claimed there is any constitutional provision that

1. COUNTY superintendent: eligibility of woman: constitutional law.

prohibits her from holding such office, or that prohibits the General Assembly from enacting a law conferring on woman the right to hold the office in question.

We are not called upon to determine either of these questions, but deem it proper to say that we are aware of no constitutional inhibition on this subject. In this respect the constitution of this State is like that of Massachusetts, and in the latter state the judges of the Supreme Court, in response to a question propounded by the legislature, determined there was no constitutional provision in that state which prevented women from holding an office like the one in question, and that the right to hold and exercise the duties of such an office was within the control of the legislature, who might, if deemed expedient, confer such a right on women. 115 Mass., 602.

This action was commenced in November, 1875, and the judgment of the Circuit Court was rendered on the 16th, and this appeal taken on the 18th day of March, 1876.

The General Assembly passed an act which was approved March 17, 1876, which provides as follows:

"Sec. 1. That no person shall be deemed ineligible, by reason of sex, to any school office in the State of Iowa.

"Sec. 2. No person who may have been or shall be elected or appointed to the office of county superintendent of common schools or school director in the State of Iowa, shall be deprived of office by reason of sex."

This act took effect and became a law previous to the submission of the cause to this court and by its terms is retroactive and embraces within its provisions the question now before us for determination.

If this law be constitutional the defendant is now eligible to hold said office, whether she was so when elected or not.

The General Assembly cannot make good retrospectively acts which it had previously no power to permit, but may do so in cases where the power to do so previously existed. Cooley on Constitutional Limitations, 381.

There being no constitutional prohibition, the General Assembly could have conferred the right on women to hold offices of

2. ——: ——: this character, and consequently by a retrospective
retroactive
statute.      law confirm or make good an election by the people, which was held in the absence of a positive law authorizing it. In other words, a retrospective law may cure or legalize any act which the General Assembly could as an original question have authorized.

It is however urged that inasmuch as the court below rendered the judgment appealed from before the curative act

3. ——: ——: was passed, it was not competent for the General
——.         Assembly to pass said act for the reason that it deprives the plaintiff of a legal vested right, and if given effect will render plaintiff liable to pay the costs of this appeal.

If the plaintiff ever had any vested right it was divested by the judgment of the court below, in which he has acquiesced by his failure to appeal.

The bringing of a suit vests no right to a particular decision and the case must be determined on the law as it stands when the judgment is rendered. *Mather v. Chapman*, 6 Conn., 54; *Butler v. Palmer*, 1 Hill, 324; *Watson v. Mercer*, 8 Pet., 88; *Bacon v. Callender*, 6 Mass., 309; *McMillen v. Boyle*, 6 Iowa, 304; *The Iowa Railroad Land Co. v. County of Sac*, 39 Iowa, 124 (150).

It is also urged that the parties have stipulated the cause shall be heard and determined in this court "upon the pleadings and agreed statement of facts upon which said cause was tried in the Circuit Court of Warren county, together with the records and judgment of the court herein, and that therefore we cannot consider the curative act in question. In this view we do not concur. We do determine the case on the same pleadings and facts as did the court below. The stipulation does not embrace and include the law of the case, but only the facts.

*4. —: —: stipulation.*

We therefore arrive at the conclusion that the defendant is now eligible to hold and exercise the duties and receive the emoluments of said office, without entering upon the consideration of many of the interesting questions so ably presented by counsel.

REVERSED.