THE STANDARD COAL CO. ET AL. v. THE IND. DIST. OF ANGUS ET AL.

1. **School Tax:** LEVY AFTER PRESCRIBED TIME: VOID: INJUNCTION. Under § 1738 of the Code, which provides that "no tax shall be levied by the board after the third Monday in May," *held* that a tax levied by the board of the defendant school district after that date was void, and that its collection was properly restrained by injunction; and the fact that the tax must also be levied by the board of supervisors (Code. § 1777) makes no difference.

*Appeal from Boone District Court.*

FRIDAY, OCTOBER 28.

ACTION for an injunction to restrain the collection of a school tax. A decree was granted in accordance with the prayer of the petition. The defendants appeal.

*Hull & Bicksler*, for appellants.

*Clayton Harrington*, for appellees.

ADAMS, CH. J.—The independent district of Angus is part in Greene county, and part in Boone county. In 1886, the directors of the district, thinking that the property in the Boone county part had not in the past years sustained its share of the taxation, voted a tax of 50 mills on a dollar upon that property, and at the same time voted a tax of only 24 mills on a dollar on the property in the Greene county part. The tax so voted was certified to the respective boards of supervisors, and the tax was by each duly levied. The plaintiffs are property owners in the Boone county part. They feel aggrieved by the levy of so large a tax, and they bring this action to prevent the collection of the same. They aver that it is void. One of the grounds upon which they aver that it is void is that it was not levied by the board of directors within the time within which they had the power to levy it. The fact appears to be that the action of the board was had on the 25th day of May, 1886. The statute

upon which the plaintiffs rely is section 1738 of the Code, which provides that "no tax shall be levied by the board after the third Monday in May;" and it appears that the third Monday was the seventeenth. Negative and restrictive words being used in the statute, it appears to us that we must treat it as mandatory, and hold that the plaintiffs' position in respect to a want of power on the part of the board of directors, on the 25th day of May, must be sustained.

The defendants' position is that it is not necessary for the board of directors to levy the tax at all, but merely to determine the amount, and cause the same to be certified to the board of supervisors, and that the tax is to be levied by them. They rely upon section 1777 of the Code. It is not, perhaps, very material what the action of the board of directors is called by which the amount of tax is determined by them. In section 1738 of the Code, it seems to be treated as the levying of the tax, though it is clear enough from section 1777 that the tax must be levied by the board of supervisors also. The county records should, of course, show the levy, as the tax is to be collected by the county treasurer. The action of the supervisors, however, is based solely upon the action of the board of directors, and their determination as to the amount is the important part.

We are of the opinion that the legislature intended to provide that such determination, whatever it be called, should not be exercised later than the third Monday of May. What the reason for the provision is we need not inquire. We take the statute as we find it, and we have to say that nothing could be clearer or more restrictive in its phraseology. If, on the 25th of May, the board of directors lacked all power to determine the amount of the tax, we must treat it as if it never was determined, and it follows that there was nothing upon which the board of supervisors could act. The tax, then, it appears to us, was not simply erroneous, but void, and that an injunction is the proper remedy to restrain its collection.	AFFIRMED.