WM. JENKINSON v. ANNA HILANDS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

(a) An affidavit of defence to an action for goods sold, etc., averred
(1) that a prior judgment for the plaintiff before an alderman, for the same
cause of action, was reversed on certiorari, and a judgment for the de-
fendant for costs therein was unsatisfied; and (2) that " the goods
charged to the defendant were excessive in amount: "

1. The averment as to the prior judgment, reversed on certiorari, raised
no bar to the present action. The other averment, that the goods
charged were " excessive in amount," was too vague, in that the de-
fendant did not specify the excess, so that the plaintiff could have judg-
ment for the amount admitted to be due.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 125 October Term 1891, Sup. Ct.; court below, No. 64
March Term 1891, C. P. No. 1.

Returnable to the first Monday of January, 1891, William
Jenkinson brought assumpsit against Anna Hilands, filing a
statement of claim to recover $122.16 upon an account for
goods sold and delivered, a copy from the plaintiff's books of
original entry being attached.

On December 27, 1890, the defendant filed an affidavit of
defence averring, first, that, for the same cause of action the
plaintiff had previously brought suit and recovered a judgment
against the defendant before an alderman; that, on certiorari
to the Court of Common Pleas No. 2, the judgment of the
alderman, on November 4, 1890, was reversed, and judgment
entered in favor of the defendant for costs, which judgment
remained unsatisfied; and second:

" Affiant is further informed and believes, and expects to be
able to show, as aforesaid, that the goods charged to defendant
above named were excessive in amount; and calls upon the
plaintiff to produce his books of original entry, and prove the
said itemized bill filed in plaintiff's affidavit of claim, item by

item, upon the trial of the case, together with the sale and delivery of the same by the plaintiff above named to the defendant above named."

On April 7, 1891, a rule for judgment for want of a sufficient affidavit of defence was made absolute, and judgment for the plaintiff liquidated at $136.60. Thereupon, the defendant took this appeal, assigning the order making said rule absolute and entering judgment for the plaintiff, for error.

*Mr. Frank Whitesell* (with him *Mr. William W. Whitesell*), for the appellant.

Counsel cited: Knerr v. Bradley, 105 Pa. 190; McPherson v. National Bank, 96 Pa. 135; Selden v. Neemes, 43 Pa. 421.

*Mr. W. P. Potter* (with him *Mr. W. A. Stone*), for the appellee.

PER CURIAM:

The affidavit of defence is clearly insufficient. The principal matter averred was a suit and judgment before an alderman for the same cause of action. But that judgment was reversed upon a certiorari, and is no bar to the present proceedings. The only other material averment is that the goods charged to defendant were "excessive in amount." This is too vague. It impliedly admits that some goods were furnished, and if the amount charged was excessive, the defendant should have specified the excess, so that the plaintiff could have judgment for the amount admitted to be due.

Judgment affirmed.