The Chicago, Rock Island & Pacific Railway Company, Appellant, v. The Independent District of Avoca, and F. Benjamin, Appellant, v. the Same.

**Constitutional Law:** SPECIAL LEGALIZING ACT: *Taxation.* A special act, legalizing a levy of taxes for school purposes, made by the directors of a particular district, after the expiration of the time fixed by statute, does not violate constitution, article 3, section 30, prohibiting the enactment of special or local laws where a general law can be made applicable, etc., though at the time such act was passed there were four other school districts in the state wherein the levies, made at times different from those sought to be violated, were invalid for like reasons. The courts leave to the legislative department a reasonable discretion to determine whether a law to be enacted should be special or general.

**Pleading:** RELIEF SOUGHT. In an action to recover taxes paid to a school district, plaintiff claimed that a part of the tax paid was on one acre of land which was not within the district, but the petition did not state the assessed value of the acre, nor make demand for any specific tax paid thereon. *Held*, that plaintiff could not recover such tax.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

MONDAY, OCTOBER 26, 1896.

ACTION at law to recover certain sums of money alleged to have been illegally levied as taxes by the defendant, and collected from the plaintiffs. There was a trial before the court, and judgments were rendered for the defendant for costs. Plaintiffs appeal. —*Affirmed.*

*Benjamin & Preston* for appellants.

*Turner & Cullison* for appellee.

ROTHROCK, C. J.—The above-entitled actions involve the same questions, and were consolidated in the court below, and tried as one case. They are presented in the same way in this court, and will be disposed of in one opinion.

The actions were commenced on the twenty-first day of March, 1894. In the suit by the railroad company, it seeks to recover of the defendant about two thousand dollars, with interest, for school taxes paid upon the assessments and levies for the years 1888, 1890, and 1892. The said taxes were alleged to be void because the board of directors of the district did not pass the resolution levying or assessing the taxes until after the time fixed by law. In the year 1888, the resolution of the board making the levy was passed and certified on the seventeenth day of April, 1888. In the year 1890, the defendant made its levy of school taxes on the twentieth day of July. And in the year 1892, the levy was made on the fifteenth of August. All of the taxes were placed upon the tax

books, and were paid by the plaintiff before they became delinquent.

II.   In the other action, in the name of F. Benjamin, he seeks to recover of the defendant for taxes which he paid on his own property, as well as on the property of some twenty-one other tax-payers, who assigned their claims against the plaintiff to said Benjamin.   The petition in this last case is in fifty-seven counts.   It is wholly unnecessary to make any further statement of the claims of the plaintiffs, further than to say that both cases involve the validity of the school tax for the years above named.   In the last named case, Benjamin demands judgment for two thousand six hundred dollars.   It is averred in both petitions that the plaintiffs had no knowledge that the taxes were levied after the time fixed by law, until after all the said taxes were paid.   The defendant answered the petitions by setting up a legalizing act which was passed by the Twenty-fifth General Assembly.   That act is entitled "An act to legalize the acts of the board of directors of the independent district of Avoca in the levying of taxes for school purposes."   The body of the act is as follows:   "The action of said board in making said levy on the * * * 17th day of August, 1888, on the 22d day of July, 1890, and on the 15th day of August, 1892, instead of on, or before, the third Monday in May of each of said years, is hereby declared to be legal and valid, the same as if said tax had been levied on or before the third Monday in May aforesaid."

The plaintiffs demurred to the answer.   The principal ground of the demurrer was that said curative, or legalizing act, was unconstitutional and void, in that it was "an attempt to accomplish by a special law that which should have been accomplished, if at all, by a law of general and uniform operation throughout the state, and affecting all

independent school districts in the state in the same manner under like circumstances." This was the only real ground of the demurrer. The other so-called causes of demurrer are in the nature of an argument by the pleader. The demurrer was overruled on the fifteenth day of August, 1894; and no other pleading was filed in the case until the twenty-seventh day of November, in the same year, when the plaintiffs replied by pleading that three other school districts in the state levied their school taxes for the year 1890 after the time required by law, and one other district made its levies for the years 1888 and 1892, after the proper time. These districts are named in the reply, and one of them is located in each of the counties of Wayne, Winneshiek, Sioux, and Pottawattamie. This is the only material averrment in the reply. Other parts of it are, in substance, repetitions of the demurrer, or arguments of counsel, which are fully discussed in the printed argument on the submission of the case in this court.

III. The cause was submitted in the district court mainly upon an agreed statement of facts, some of which are claimed by appellants to be immaterial, and improper to be considered in deciding the case. It is conceded that the plaintiffs, including Benjamin's assignors, did not know until after all the taxes in controversy were paid that the district did not make the respective levies until after the time fixed by statute within which the levies should have been made. It is not charged, and there is no evidence tending to show, that any other irregularity in making the levies existed. No claim is made that the property of said taxpayers was not liable for school taxes, nor that the levies were excessive or unreasonable. It is admitted that the taxes in question were for the ordinary purposes of the district, and that the money was used by the district in payment of the teachers, and for

necessary contingent expenses in maintaining the schools in the district. No question was made as to the legality of the taxes until a short time before these suits were commenced, when a demand was made upon the district to repay the money. It will be observed that the taxes in question were voluntarily paid. It may be true, as claimed in behalf of appellants, that this fact is of no consequence, as the payments were made in ignorance of the fact that the levies were not made until after the time fixed by statute. The plaintiffs plant themselves upon their strict legal rights. It is apparent that there are no equitable grounds upon which they can demand relief. The policy of the law is that the burden of taxation shall be imposed with strict equality upon all taxpayers. The plaintiffs were, no doubt, moved to commence these actions because of the case of *Standard Coal Co. v. Independent District of Argus*, 73 Iowa, 304 (34 N. W. Rep. 870). They rely on that case as absolutely conclusive of their right to recover, unless it should be held that the curative act above cited is held to be valid. That was an action to enjoin the collection of a tax. The tax involved in that case and the taxes in the cases at bar were levied under the same statute, which provides that "no tax shall be levied by the board after the third Monday in May." It was held that the tax was not simply erroneous, but that it was void, and that an injunction was the proper remedy. The plaintiffs in that case were aggrieved by the levy of an erroneous school tax amounting· to fifty mills, or five per cent, upon the assessed valuation of their property. It is not to be denied, however, that the opinion was founded upon the ground that the tax was void because it was levied after the time fixed by law. We need not further consider that decision, nor determine whether it is applicable under the conceded facts in these appeals. We will dispose of the case

upon other grounds, which we will now proceed to consider.

IV. As we have said, the curative act above referred to, is claimed to be unconstitutional for the reason that it is a local or special law, and that a general law could have been made applicable and operative throughout the state, as required by section 30, article 3, of the constitution of this state. This is not a new or novel question in this court. Under the pleadings in the case, when the ruling was made on the demurrer, there is no doubt that the court rightly held that the act was constitutional.

The precise question has been determined by this court in many cases. The fact that the law was retrospective in its effect is no valid objection to its validity. In *Boardman v. Beckwith*, 18 Iowa, 292, it was determined that the legislature may, by retrospective legislation, legalize the levy and assessment of taxes which were assessed and levied when there was no statute in force authorizing the levy. It is said in that case that: "The power to pass acts of this character, conducive as they are to the general welfare, and based upon considerations of controlling public necessity, is, in our opinion, undoubted. It does not interfere with vested rights, nor impair the obligation of any contract." It is true that was a general law. We cite it for the purpose of showing the extent to which courts go to maintain the acts of the proper authorities in administering the laws pertaining to the assessment and collection of the necessary public revenue. The same doctrine was also announced in the case of *Land Co. v. Soper*, 39 Iowa, 112. The curative act in that case was also general in form. But the same principle has also been applied to local and special acts. In *State v. Squires*, 26 Iowa, 340, it was held that a local and special curative act legalizing the defective organization of a school district was valid.

And in *McMillen v. Boyles*, 6 Iowa, 304, it was held that, when the legislature has power to authorize an act to be done, it may, by a retrospective act, legalize and declare valid any informality or irregularity in the exercise of the power thus conferred. Many other cases to the same effect might be cited. In the late case of *Richman v. Supervisors*, 77 Iowa, 513 (42 N. W. Rep. 422), it was held that a special act legalizing the void acts of the board of supervisors of Muscatine county; in making a special assessment for the construction of a ditch, was valid. These cases and others fully sustain the ruling of the court on the demurrer to the answer in this case. See the case of *City of Clinton v. Walliker*, 98 Iowa, 655 (68 N. W. Rep. 431).

V. As we have said, the demurrer was overruled several months before the reply was filed. In the meantime it was discovered that four other school districts in the state had made the same error, in failing to make levies within the time fixed by law. It is thought by counsel for the appellants that this discovery is absolutely conclusive of the question, and that the curative act is unconstitutional unless there was but one district in the state to which such a law could be made to apply. This contention is founded upon the case of *State v. Squires*, *supra*. As we have said, that case involved the validity of a special act curing certain defects in the organization of a school district. In the course of the opinion the following language was employed: "Certain irregularities in the manner of the organization of the independent school district of Epworth are alleged to have occurred. No other such precise or analogous case is alleged or suggested as existing anywhere else in the state. No legal presumption arises that there is one. A general law, therefore, which would be suited to the necessities of the independent school district of Epworth, could have no other

operation than the act in question; and, if it could or
would have no other effect, then no advantage could be
derived, nor any evil avoided, by making a general
law, instead of the law which was enacted.   This law,
then, is not within the evil which the constitution
sought to provide against; nor would the enactment
of a general law therein afford any remedy for, or
relief from, that evil."   This was one ground of con-
tention between the parties to that case.   There is a
respectable line of authorities in which it is held,
under constitutional provisions the same as our own,
that a discretion is left with the legislature to deter-
mine   when   such   special   laws   should   be   passed.
*Marks v. Trustees*, 37 Ind. 155; *State v. Tucker*, 46
Ind. 355;  *Johnson v. Commissioners*, 107 Ind. 15
(8 N. E. Rep. 1); *State v. Boone County Court*, 50 Mo.
317; *State v. Madrid County Court*, 51 Mo. 82; *Carpen-
ter v. People*, 8 Colo. 116 (5 Pac. Rep. 828); *Davis v.
Gaines*, 48 Ark. 370 (3 S. W. Rep. 184); *Darling v. Rog-
ers*, 7 Kan. 592.   It is declared in some of these cases
that this legislative discretion is absolute, and is not
subject to review by the courts.   We are not prepared
to adopt this rule, in this broad and comprehensive
sense, when applied to a subject which it is plain is
not one of local and special application, but which
affects the state at large.   But, in a proper case for the
exercise of legislative action, the question whether a
local law should be enacted, should be left with the
law-making power to determine.   In our opinion, the
act under consideration is of this class.   It will be
observed that the conditions applying to the four other
districts above named are not the same as in the case
at bar.   In three of them, the only defective levy was
made in the year 1890.   In one of them, the tax was
levied in the years 1888 and 1892, after the time pro-
vided by law, and in all of them the levies were made
at a different time from those made which are in

controversy in the cases at bar. They were, therefore, not within the reasoning of the case of *State v. Squires*, *supra*. They are not precisely like the case at bar, nor is the analogy beetween the cases comp'ete. It does not appear that the levies in the four other districts have ever been questioned. The presumption is that the taxes have been paid, and that the tax-payers in those districts are content with having done their duty as citizens, in contributing their proper proportion to support the public schools. The curative act under consideration was enacted when it became evident that the plaintiffs were asserting their rights to recover the money, they now seek to require the defendant to reimburse them, for taxes which have long since been used in support of the schools. As we have said, the case was not one for a general law. Surely, it was not the duty of the legislature, to make a canvass of the state to ascertain whether any other taxes had been levied after the time fixed by the statute. In our opinion, it would have been competent for any other district in the state to procure a special act curing like defects in the manner or time of levying taxes, if such relief appeared to be necessary. It is urged in behalf of plaintiffs, that there may be many other school districts in the state, liable to such suits as the case at bar. The presumption is, that there are no others than those already discovered. It is always presumed that public officers perform their duties according to law, and that presumption prevails until the contrary is shown.

VI. The plaintiff Benjamin claims that the court should have awarded him judgment for taxes on one acre of land which was included in the levies, but was not within the school district. His petition does not state the assessed value of that acre, nor make any demand for any specific tax paid upon it. If such a

demand was made, we have overlooked it in examining the fifty-seven counts of the petition. It is true that he presented the question when he testified as a witness in the case, and he insists in his argument that he should have judgment for the tax paid on the one acre. In view of the averments of his petition, we do not think he is entitled to recover. The judgments of the district court are AFFIRMED.