WILLIAM HIBBS, Appellant, v. THE BOARD OF DIRECTORS
and SECRETARY OF THE DISTRICT TOWNSHIP OF
ADAMS, MAHASKA COUNTY, IOWA, and the
Individual Members of the Board.

**School Taxes:** RESCINDING VOTE TO LEVY. Where the electors of a
school district vote to levy a school house tax, they may rescind
the same at the next regular election, when the tax has not been
certified or levied by the school board, though one of the electors
has commenced an action to compel the board to certify and levy
such tax.

GIVEN, J., dissenting.

*Appeal from Mahaska District Court.*—HON. D. RYAN,
Judge.

TUESDAY, JANUARY 23, 1900.

ACTION to compel the defendants and their successors
in office to certify forthwith the amount of a tax voted for
school-house purposes. The district court dismissed the
plaintiff's petition, and he appeals.—*Affirmed.*

*L. C. Blanchard* for appellant.

*Bolton, McCoy & Bolton* and *J. C. Williams* for appel-
lees.

DEEMER, J.—The district township of Adams is divided
into eight subdistricts. In each of these there is a school
house. The village of Lacey, a station on the Iowa Cen-

tral Railroad, is situated near the west line of the township, about a mile and one-half from the school house in that sub-district, and has sixteen or seventeen pupils of school age. At the regular annual meeting of the electors of the district township held March 8, 1897, it was voted "that there be levied a tax by Adams township to build a school house at Lacey, not to cost more than seven hundred ($700) dollars." Twenty-one votes were cast in favor of the proposition and twelve against. This proceeding seems to have been entirely regular, but the board and secretary failed to certify the tax to the board of supervisors for levy and collection, as required by law. On the twenty-ninth day of March, 1897, plaintiff commenced this action to compel the certification of the tax so voted. After the action was commenced, and on the first day of March, 1898, a petition was presented to the district township board, signed by thirteen electors and property owners of the township, asking the board to submit to the voters of the district township at the regular meeting to be held March 14, 1898, a proposition to rescind the tax voted at the previous annual meeting for the purpose of building the school house at or near Lacey. The board ordered the submission of the proposition at said meeting, and instructed the secretary to insert the same in the annual call for the election, which was accordingly done. At said annual meeting in the year 1898, and before the trial of the case in the court below, said proposition was voted on by ballot, fifty-six votes being cast, fifty-three of which were for rescinding and three against. While other matters are presented in answer, the only question for us to consider is the effect of this vote rescinding the former vote authorizing the tax. That it was the duty of the board to certify the tax voted at the 1897 meeting there can be no question. But it did not do so, and, before any tax was in fact certified or levied, the electors, at a regular meeting, and by a large majority, voted to rescind the order voting the tax. What effect is to be given to the order or vote of

rescission? Appellant contends that, having once voted the tax, the electors have no power of rescission. It is fundamental that electors of a district township can only exercise such powers as are conferred by statute, either expressly or by reasonable implication. *Washington Dist. Tp. v. Thomas,* 59 Iowa, 50. By section 2749 of the Code they are given power "to vote a school-house tax, not exceeding ten mills on the dollar in any one year, for the purchase of grounds, construction of school houses, the payment of debts contracted for the erection of school houses," etc. Having the power to vote the tax, they, by necessary implication, have the right to rescind that vote, unless by so doing they interfere with vested rights. Power to do necessarily implies the power not to do; so that, having voted at one regular annual meeting to levy a school-house tax, they may, at a subsequent meeting, vote not to levy a tax, unless, as we have said, some vested right has intervened. Whenever the electors meet in annual session, and fail to vote a school-house tax, they virtually determine that no school-house tax shall be levied; and the mere fact that they have previously voted to levy such a tax is not in itself controlling on the question of power. But it is said that, as soon as the tax was voted by the electors, plaintiff and others, interested in securing the school house, became possessed of a vested right, which could not be interfered with by subsequent vote. Let us see what that right is. As has been stated, the board and its officers failed to certify the tax to the board of supervisors for levy and collection. Plaintiff's right was to bring action to compel them to do so. *Odendahl v. Russell,* 86 Iowa, 673. No tax had, in fact, been levied, and none had been collected. The electors had simply determined that a tax should be levied, but, before anything had been done thereunder, they decided to rescind their action. True, plaintiff had commenced his action to compel the board of directors to certify the tax, but this did not give him a vested right. *Huff v. Cook,* 44 Iowa, 639. A case must be decided on the facts

as they appear at the time of trial. In *Benjamin v. Malaka Dist. Tp.* 50 Iowa, 648, relied on by appellant, the tax had been levied and collected, and, as said in the opinion, "by the payment of taxes levied and collected for the purpose of erecting the house, the plaintiff's right thereto became vested, and no subsequent action of the electors without his consent could have the effect of depriving him of such right." The distinction between that case and this is so apparent that we need not say more. The trial court was right in dismissing plaintiff's petition, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.

GIVEN, J. (dissenting).—I do not concur in the conclusion that the voters had power to vote, in 1898, to rescind the tax regularly voted in 1897. Their powers being expressed in the statute, all powers not expressly or by reasonable implication conferred are excluded. The power to rescind is not expressly given, and, as I view it, may not be reasonably implied. The power to vote on a question of a tax implies the power to vote against it, but not to vote to rescind it after it has been regularly authorized. As well may it be implied that power to vote for or against a person for an office confers power to rescind his election regularly made by a subsequent vote of the electors. The law provides how the will of the voters shall be ascertained, and, when their will is expressed, as provided by law, nothing remains but to carry it into effect. It is said that the power to rescind exists "unless by so doing they interfere with vested rights." While I do not agree that the power to rescind exists, yet, conceding that it does until some adverse right is vested, how is it in this case? By the vote of 1897 the tax was regularly authorized, and it was then the duty of the defendants to cause that tax to be certified for levy and collection, and to apply it to the authorized use; but this they wrongfully and obstinately refused to do. It is beyond question that, as matters stood on March 29, 1897, the day plain-

tiff filed his petition, he was entitled to an order commanding the certification of said tax. ' It was because he, in common with others alike interested, had become vested with the right to have the tax certified, collected, and applied as authorized by the vote of 1897. This right was completely vested long before the attempted rescission, and, according to the opinion, barred a rescission. A, is regularly elected to an office, and thereby has become vested with the right to qualify and hold the office. Will it be pretended that no right has become vested until he qualifies, and therefore the voters may rescind the election before he qualifies? I am of the opinion that no power is given to rescind the vote by which this tax was authorized; that none such should be implied; and that, if it may, the right of plaintiff to have the tax certified, collected, and applied had become a vested right. I do not think it was intended to introduce such an element of uncertainty into the administration of the affairs of school districts as may follow under sanction of this opinion.

GRANGER, C. J., not sitting.