CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant, v. FRANCES ROSENBAUM, County Treasurer, Appellee.

No. 40274.

228

June 23, 1930.

Rehearing Denied April 11, 1931.

Harold E. Wilson, County Attorney, for appellee.

J. G. Kammerer, J. G. Gamble and A. B. Howland, for appellant.

WAGNER, J.—Only questions of law are involved in the determination of this case. In 1928 the Board of Supervisors of Muscatine County made a "County Emergency Levy" of 3 mills, which was applied to all assessments upon real and personal property within the County. In making the levy, the Board of Supervisors acted under the assumption of authority of Section 373 of the Code. Said section is a part of the Budget Law contained in Chapter 4 of the Acts of the Extra Session of the 40th General Assembly. On March 5th, 1929, this court held that Section 373 of the Code is void for the reason that the subject-matter therein embraced is not included or expressed in the title to the act of which it is a part, as required by Article 3, Section 29, of the State Constitution. See Chicago, R. I. & P. R. Co. v. Streepy, 207 Iowa 851. The State Legislature, being at that time in session, immediately enacted a legalizing statute, which became effective upon publication on April 1st, 1929. Said legalizing act is as follows:

"AN ACT to legalize any and all tax levies heretofore made and collected by any municipality under and pursuant to the provisions of law as contained in Section three hundred seventy-three (373) and Chapter twenty-four (24) of the Code, 1927.

"Be it enacted by the General Assembly of the State of Iowa:

"Section 1. All taxes heretofore assessed, levied or collected by any municipality as defined by the law as it appears in Chapter twenty-four (24) of the Code, 1927, for the purpose of establishing and creating an emergency fund under and pursuant to the provisions of what purported to be the law as contained in Section three hundred seventy-three (373) of the Code, 1927, be and the same are hereby declared legal and valid,

and where the same have not been paid, the officers of such municipalities are hereby empowered and directed to proceed at once to collect the same as other taxes are collected, and to use the same in the same manner as they could have been used were they assessed, levied and collected under a valid provision of law.

"Section 2. This act being deemed of immediate importance shall be in full force and effect from and after its passage and publication in the Des Moines Daily Record, a newspaper published at Des Moines, Iowa, and in the Marshalltown Times Republican, a newspaper published at Marshalltown, Iowa." See Chapter 396 of the Acts of the 43rd General Assembly.

The validity of the taxes levied and the *constitutionality* of the foregoing enactment are challenged on various grounds hereinafter noted.

It is contended by the appellant that, since the invalidity of Section 373 of the Code was due to a constitutional defect, as held by us in Chicago, R. I. & P. R. Co. v. Streepy, 207 Iowa 851, the legislature could not, by a curative statute, validate any levy of taxes previously made by any Board of Supervisors or municipality while acting under the power thereby attempted to be given. By a careful reading of the Streepy case, it will be observed that we held that Section 373 of the Code is void only because of the insufficiency of the title to the act. It is not asserted by the appellant that there is any constitutional provision that prohibits a delegation by the legislature to the municipalities of the power to create and make a levy for an emergency fund. Therefore, for the determination of the case which we have before us, we may properly assume that the previous statute is constitutional, except as held by us that the title to the act is insufficient to include the subject-matter contained in Section 373; or in other words, that there would have been a valid grant of power to the municipalities, except for the insufficiency of the title to the act. We may properly assume that, had the title to the act been sufficient, then the validity of the tax involved herein could not be called in question. It will thus be observed that the Board of Supervisors of the County (a municipality within the meaning of the law, see Section 369 of the Code), in levying the tax, acted under the assumption of

power purported to have been granted by Section 373 of the Code. Since the Board of Supervisors, or the municipality, did not have the power to make the levy, could their acts, under the power attempted to be given by Section 373, be validated by a curative statute? Under the authority of our previous cases, this question must be answered in the affirmative. A curative act is necessarily retrospective in character. See Huff v. Cook, 44 Iowa 639; McSurely v. McGrew, 140 Iowa 163; Iowa Railroad Land Co. v. Soper, 39 Iowa 112. In Ross v. Board of Supervisors, 128 Iowa 427, we said:

"The Constitution of Iowa does not forbid the enactment of retroactive laws, and this court has frequently upheld the validity of such statutes."

A curative act may cure or legalize any act which the general assembly could, as an original question, have authorized. Windsor v. City of Des Moines, 110 Iowa 175. In so far as the determination of this case is concerned, the Legislature could, as an original question, have delegated the authority contained in Section 373 of the Code to the municipality. The distinction made in some jurisdictions between legislation which attempts to cure the acts of officers void for informality or mistake, and that which seeks to legalize official acts void for want of authority, is not recognized in this state. See Iowa Railroad Land Co. v. Soper, 39 Iowa 112, 122. We there said:

"The court in that case (a Kansas case), however, in argument attempts to distinguish between retrospective laws which are passed to supply defects, and cure informalities in proceedings of officers and tribunals acting within the scope of their authority, the laws which are intended to cure or legalize the acts of such officers done without the scope of their authority, holding that retroactive legislation is legal and valid to cure the acts of officers void for informality, irregularity or mistake, but that such legislation is not valid where it attempts to legalize and validate official acts, void for want of power or authority to perform them. We have already seen that such is not the rule established by the cases decided in this court, and which are above cited. There is no foundation for the above distinction, under our decisions."

In Boardman v. Beckwith, 18 Iowa 292, 294, by reason of a change in the revenue laws of the state, there was no provision whatever for a levy of taxes for the year 1858, but; notwithstanding the want of authority, an assessment and levy were made. In 1860 the legislature passed an act legalizing said assessment and levy and authorized the collection of the same as taxes levied under the provisions of existing laws. The case involved the validity of the sale of lands for the taxes of that year, and by virtue of the legalizing act the sale was sustained. In that case, as in this, much stress was placed upon the fact that the levy of the tax was void, and the opinion in effect concedes the illegality of the levy, but it clearly maintains the doctrine that it was competent for the legislature to make valid that which was before void. This court therein made the following pronouncement:

"The point made upon this legislation is that it was, not competent for the General Assembly to thus legalize the levy and assessment of 1858; that as there was no law at the time authorizing such levy and assessment, all proceedings thereunder, notwithstanding the curative act, were illegal and void. * * * That it is competent to thus legislate we entertain no doubt. The power of the legislature to pass acts of this character, conducive as they are to the general welfare, and based upon considerations of controlling public necessity, is, in our opinion, undoubted. It does not interfere with vested rights, nor impair the obligation of any contract. Nor is it, we may remark in further answer to appellants' argument, a general statute, having other or less than a uniform operation. It has the operation contemplated by Art. 3, Sec. 30, of the State Constitution; for in no just legal sense is it local or special, but general and uniform."

In Iowa Railroad Land Co. v. Soper, 39 Iowa 112, 118, a certain tax, known as a judgment tax, levied by the Board of Supervisors, had been declared by this court as illegal. A legalizing act very similar to the one herein involved was enacted by the legislature. The validity of the tax and the legalizing act were attacked on many grounds. The court there comments upon the previous decision in Boardman v. Beckwith, 18 Iowa 292, saying:

"It seems to us that there is no ground for distinction between that case and the one before us. The act of 1874 [the one therein involved] purports to render legal and valid certain tax levies which were not legal and valid at the time of the levies, so did the act of April 2, 1860 [the act involved in Boardman v. Beckwith]. * * * If it was competent for the General Assembly to pass the act above referred to, whereby the illegal and void taxes levied in 1858 [those involved in Boardman v. Beckwith] were legalized and their collection authorized, it was likewise competent for the legislature to pass the act under consideration, and thereby make the taxes to pay judgments, which had been levied in excess of legal authority, valid and collectible. There is no valid argument to sustain the former which does not apply to and sustain the latter act. In both cases it is a question of power and not one of policy. Of the power to pass the act in question, we entertain no doubt. * * * There can be no doubt that the General Assembly had the power, and might have enacted a law under which the various municipal corporations in the State would have been authorized to levy and collect the taxes in question. In other words, the authority to levy and collect taxes to pay judgments against municipal corporations could have been conferred by a general law without any limitation therein as to the rate, so that the taxes, legalized by the act under consideration, would have been authorized and valid. Having the power to authorize, by general law, the levy and collection of special taxes, by municipal corporations, without limitation as to rate, for the purpose of paying judgments, the legislature may rightfully legalize or cure the levies made in excess of lawful authority at the time. * * * *When it is conceded that the General Assembly has the power to pass an act conferring authority upon municipal corporations to levy taxes, it necessarily follows that the same power may cure or ratify and make valid the taxes levied without such prior authority, unless vested rights are thereby impaired* [the italics are ours]. * * * But the legalizing of a tax, which but for the legalizing act was invalid and not capable of being enforced, does not interfere with any vested right of the tax-payer. * * * The statute has created a liability to pay where none existed before its passage, and this is so whether the act authorizing the tax levies be passed prior thereto or is an act legalizing a tax previously levied. In

either case the power of the General Assembly to pass the law is the same. *If it has no power to legalize a tax already levied without authority, it has no power to confer the authority in the first instance* [writer's italics]."

Since the power of the legislature to delegate to the municipalities the right or power to create and make a levy for an emergency fund is not questioned by the appellant, it necessarily follows, that under the foregoing authorities, the legislature may, by a curative act, legalize the taxes and the acts of the municipalities and their officers in levying the same, done without such prior authority. Appellant's contention in this respect must fail. For additional authorities bearing on the foregoing propositions, see Iowa Railroad Land Co. v. Carroll County, 39 Iowa 151; Richman v. Supervisors Muscatine County, 77 Iowa 513; Peverill v. Board of Supervisors, 201 Iowa 1050; Chicago, R. I. & P. R. Co. v. Independent Dist. of Avoca, 99 Iowa 556; City of Clinton v. Walliker, 98 Iowa 655; Ferry v. Campbell, 110 Iowa 290; Hodges v. Snyder, 45 S. D. 149 (186 N. W. 867); Hodges v. Snyder, 261 U. S. 600 (67 L. Ed. 819); Rafferty v. Smith, Bell & Co., 257 U. S. 226 (66 L. Ed. 208); Utter v. Franklin, 172 U. S. 416 (43 L. Ed. 498); Jenkinson v. Hilands, 146 Pa. St. 380 (23 Atl. 394).

■ The appellant asserts that the aforesaid curative statute constitutes an attempt by the legislature to directly levy a retroactive tax on the tax payers of Muscatine County, but it is apparent that such is not the case. Section 373 of the Code did not, in and of itself, purport to impose or levy a tax—all that it did, was to purport to delegate to each municipality the power (if it so desired, and there was a demand for it in that municipality), to create and make a levy for an emergency fund. The Board of Supervisors, acting under this assumption of power, made the levy, and all that Chapter 396 of the Acts of the 43rd General Assembly does is to legalize what was done by the municipality and the local officers in pursuance of the assumption of power.

■ The appellant contends that Chapter 396 of the Acts of the 43rd General Assembly, hereinbefore quoted, is a law imposing or reviving a tax, and that said enactment is violative of Section 7, Article VII, of the State Constitution, which provides:

"Every law which imposes, continues, or revives a tax, shall distinctly state the tax, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

Section 373 of the Code does not purport to impose, continue or revive a tax within the purview of the constitutional provision. As hereinbefore stated, it merely purports to delegate to each municipality the power to create and make a levy for an emergency fund. Statutory provisions, delegating to cities or municipalities the power to levy a tax are not such as come within the meaning of this section of the Constitution. See Youngerman v. Murphy, 107 Iowa 686; Fevold v. Board of Supervisors, 202 Iowa 1019. In Youngerman v. Murphy, 107 Iowa 686, 693, the act in question authorized cities of the first class to levy a tax upon all property within their corporate limits, for the purpose of creating a sinking fund, to be used for the purchase or erection of water works within their limits. It was therein contended that the law was in contravention of Section 7, Article VII, of the Constitution. We there said:

"Sufficient answer to this claim [of unconstitutionality] is found in the fact that the act itself does not impose a tax. It authorizes certain cities to do so, and is a valid delegation of power to municipal bodies."

In Fevold v. Board of Supervisors, 202 Iowa 1019, 1034, we said:

"It is urged that the provision of the statute authorizing the board of supervisors to levy a tax for the eradication fund is in violation of Section 7 of Article VII of the state Constitution, providing: [Here the section is quoted.] * * * Broadly speaking, this contention is met in the case of Youngerman v. Murphy, 107 Iowa 686. We there said, of an act that authorized certain cities to levy a tax to create a sinking fund to be used in the purchase or erection of waterworks: 'Sufficient answer to this claim [of unconstitutionality] is found in the fact that the act itself does not impose a tax. It authorizes certain cities to do so, and is a valid delegation of power to municipal bodies.' "

The aforesaid section of the Constitution applies only to a

legislative enactment, which in and of itself imposes, continues or revives a tax. The aforesaid legalizing act does none of these things. It merely legalizes—makes lawful—the. acts of the local officers in making the assessment and levy in assumption of delegated power to do so, and which delegation of power to levy a tax, as held in the foregoing cases, does not come within the purview of said section of the Constitution. The legalizing act has no effect whatever, except upon some municipality as defined by the Budget Law, which had made an assessment and levy under color of authority derived from Section 373 of the Code. What the legislature could originally have authorized, it can subsequently ratify. See Utter v. Franklin, 172 U. S. 416 (43 L. Ed. 498) ; Windsor v. City of Des Moines, 110 Iowa 175 ; Iowa Railroad Land Co. v. Soper, 39 Iowa 112. This is the effect of the legalizing act. We therefore, hold that the accomplishment of the curative statute does not come within the purview of said section of the Constitution.

■ There is involved in this cause of action, the tax which was levied in 1928 and collectible in 1929. The. appellant contends that the legalizing act as applied to the unpaid taxes levied in 1928 is violative of Section 29, Article III, of the State Constitution, which provides:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The purpose of the constitutional provision is to prevent the evils of omnibus bills and surreptitious legislation. 36 Cyc. 1017, and Chicago, R. I. & P. R. Co. v. Streepy, 207 Iowa 851. The title to the act provides: "An act to legalize any and all tax levies heretofore made *and* collected," etc., while the .act provides: "All taxes heretofore assessed, levied *or* collected," etc. Questions involving the sufficiency of titles to legislative enactments have frequently been before this court and the rules for determining the sufficiency thereof have been extensively elaborated. In 25 Ruling Case Law 838, the author, in discussing this proposition, aptly states:

"Every legislative act is presumed to be constitutional, and every intendment must be indulged by the courts in favor of its validity. The limitation must be liberally construed with a view to upholding legislation. The objection should be grave, and the conflict between the statute and the constitution palpable, before the judiciary should disregard a legislative enactment upon the ground that it embraces more than one subject or object, or if it embraces but one subject or object, that it is not sufficiently expressed by the title. Where, after having applied the general principles governing the construction of constitutional provisions, a court is still in doubt as to the constitutionality of an act, it should sustain the same."

It will be observed that the discrepancy between the title to the act and the act itself is in the use of the words *"and"* and *"or."* It is a well recognized rule of construction, that when necessary to effectuate the intent of the legislature, conjunctive words may be construed as disjunctive and *vice versa.* See 36 Cyc. 1123. This rule of construction has even been applied to statutes relative to criminal law. See State v. Myers, 10 Iowa 448; State v. Brandt, 41 Iowa 593. In State v. Gibson, 189 Iowa 1212, 1220, this court declared:

"* * * the courts must do nothing to prevent or embarrass ordinary legislation. The construction is to be liberal, and not critical or technical. McAunich v. Mississippi and M. R. Co., 20 Iowa 338. Where there is doubt as to the sufficiency of the title, it should be resolved in favor of validity (Beaner v. Lucas, 138 Iowa 215, 216); and the attack upon the title is not to be sustained unless a most cogent showing is made in support thereof. State v. Schlenker, 112 Iowa 642, at 651; State v. Taylor, 34 La. Ann. 978. It must appear clearly that the underlying reasons of the constitutional provision have been disregarded. * * * That only is prohibited which by no fair intendment can be considered germane. * * * The Constitution is not violated if all the provisions relate to the one subject indicated in the title, and are parts of it, or incidental to it, or reasonably connected with it, or in some reasonable sense auxiliary to the subject of the statute."

For additional authorities in support of the foregoing prin-

238

ciples, see Cook v. Marshall County, 119 Iowa 384; Clear Lake Co-op. L. S. S. Assn. v. Weir, 200 Iowa 1293. It is not necessary that the title shall be an index of the details of the act, nor that every provision of the act be enumerated in the title. See, Fevold v. Board of Supervisors, 202 Iowa 1019; In re Estate of Pedersen, 198 Iowa 166; Cook v. Marshall County, 119 Iowa 384. Applying to the legalizing act the aforesaid rules of construction, it cannot be said that the title to the act is misleading so that it resulted in "logrolling" or surreptitious legislation, or that the legislation is not germane to and is out of harmony with the subject expressed in the title. We therefore, hold that the legislation is not in contravention of the aforesaid section of the constitution.

The appellant also contends that the legalizing act violates Section 6 of Article I and Section 30 of Article III of the State Constitution, in that, it constitutes a local or special law without uniform operation throughout the state. It will be observed that the act applies to all municipalities as defined in Chapter 24 of the Code. There is no lack of uniformity in its operation. It has been the universal holdings of this court that a statute of this kind and character is not violative of the aforesaid sections of the Constitution. See Boardman v. Beckwith, 18 Iowa 292; Iowa Railroad Land Co. v. Soper, 39 Iowa 112; Chicago, R. I. & P. R. Co. v. Independent Dist. of Avoca, 99 Iowa 556. Many other supporting authorities could be cited.

We have carefully considered all matters urged for reversal and find no merit therein. The judgment of the trial court is hereby affirmed.—Affirmed.

MORLING, C. J., EVANS, STEVENS, FAVILLE, DE GRAFF, KINDIG, and GRIMM, concur.