THE CITY OF CLINTON V. ARNOLD WALLIKER, *et al.,*
Appellants.

| 98 | 655 |
| 99 | 562 |
| 101 | 346 |
| 98 | 655 |
| 107 | 106 |
| 107 | 303 |
| 98 | 655 |
| a110 | 179 |
| 110 | 194 |
| a110 | 299 |
| 98 | 655 |
| 112 | 727 |
| 98 | 655 |
| 117 | 166 |
| 98 | 655 |
| 118 | 174 |
| 118 | 179 |
| 98 | 655 |
| 126 | 689 |
| 98 | 655 |
| 128 | 432 |
| 128 | 462 |
| 98 | 655 |
| 133 | 670 |

**Municipal Debt:** CONSTITUTIONAL LAW. District improvement
3  bonds, payable solely from a special assessment made against the
owners of abutting property, do not create a debt against the city,
within the provisions of Iowa Constitution, limiting the maximum
indebtedness of a city.

LEGALIZING ACTS— VALID SCOPE. The legislature may legalize any
1  defect in proceedings to improve a street, if the defect or want of
compliance with the law, relates to a requirement which might
2  have been dispensed with, in the first instance

SAME. That an action to recover a street improvement assessment
1  was pending at the passage of an act to legalize the proceeding,
for the improvement, does not affect the curative act, if it was
valid in other respects.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE,
Judge.

TUESDAY, OCTOBER 6, 1896.

THE defendant Walliker is the owner of a lot in
the city of Clinton.  This is an action to recover of
said defendant the first installment, being one-fifth of
an assessment made against the said defendant and his
lot for grading, guttering, and paving the street upon
which his lot abuts, and to establish the said assess-
ment as a lien upon the lot.  There was a trial to the
court and a decree for the plaintiff.  Defendants appeal.
—*Affirmed.*

*Walliker Bros.* for appellants.

*A. P. Barker* for appellee.

ROTHROCK, C. J.—There is no dispute that the
street in front of appellant's lot was improved, as set

out in the petition. No objection to the improvement appears to have been made by the defendant, nor by other property owners along the street, until this action was brought to enforce the payment of the assessment. On the contrary, the making of the improvement is admitted. The defenses against the assessment, as set up in the answer, and an amendment thereto, are, in substance, as follows: (1) A denial "that due notice of said assessment was given to all persons interested, or that said pretended assessment became a lien, or charge, upon the property of the defendant, Arnold Walliker." (2) "A denial that one-fifth of the amount became due and payable at the time claimed by plaintiff, and that, if said assessment was legal, there is but one-seventh thereof due and payable." (3) "That a large part of the assessment was for filling in front of said property, and that the same was erroneously attempted to be made a charge and lien thereon." (4) That, upon the completion of said improvement, the plaintiff issued to the contractor, or contractors, its bonds in payment therefor, instead of selling the same, as provided by law, "which disposition of the bonds was illegal and void." (5) That the city council failed to cause a plat of the improvement to be made and filed with the city auditor, showing the separate lots, or parcels of ground, subject to assessment for the improvement, and failed to give the defendant notice that such a plat was on file with the city auditor, that objections might be made to the amount. (6) That, at the time of ordering and making said improvement the city was indebted to an amount exceeding five per cent. on the assessed valuation of the property subject to taxation in the city, and that said improvement, or paving, included some ten or fifteen street intersections, the cost of improving which it was the duty of the city to pay, and that the

plaintiff issued its bonds to the contractors in payment of the whole cost of the improvement, including the cost of paving, guttering, grading, and curbing the said intersections.   The plaintiff, in a reply, claimed that, if any irregularity occurred in any of the proceedings in reference to said improvement, the defects or omissions were cured by a legalizing act passed by the general assembly of this state, which was approved March 23, 1894.   These are the issues upon which the case was tried.   The whole amount of the assessment against the defendant and his lot was one hundred and forty-four dollars and ninety cents.  By the assessment it was ordered that one-fifth of that amount should be payable at once, and that, if not paid in ninety days, it would become delinquent.

The amount involved in this suit is about twenty-eight dollars.   It is presented to this court upon questions certified by the district court, which were thought to be of sufficient importance to authorize an appeal. We will not set out these questions.   They were, doubtless, prepared by counsel for the defeated party, and they are twelve in number, and appear to cover about every conceivable objection which can be made to the proceedings of the city council in ordering and making said improvement, and providing means for paying the expense attending the undertaking.   Some of them are mere repetitions of questions of law embraced in others, and other questions are of so little consequence, that they demand no consideration.   We will endeavor to dispose of such questions as are involved in the case, as appears from the issues which we have stated, and the questions certified; and we will do this in a general way, without setting out *in extenso* any part of the certificate.

The case involves the question whether the city council, in ordering the improvements and issuing warrants and bonds to the contractors in payment for

the labor and materials for the work, violated the statutes and constitution of the state, so that the lot owners are not liable to pay for the paving and improvement of the street in front of their lots. This is the ultimate question, and, to properly determine it, we are required to examine and construe, first, the statutes in force when the improvement was made. Chapter 20 of the Laws of 1884 is an elaborate act providing for paving, grading, curbing, and otherwise improving streets in cities of the first class. The city of Clinton, being one of that class, passed an ordinance which contains many sections, and said ordinance was intended to carry out and enforce the provisions of the statutes. This ordinance was adopted by the city on the tenth day of February, 1891. There is no question that the letting of the contract was properly done under that act. It is claimed in behalf of appellants that the assessment was void, because a plat showing the property subject to assessment for the improvement was not filed with the city clerk, for public inspection, and that proper notice was not given of the making of the assessment. This is an immaterial question if the improvement was properly made under the act of the general assembly of 1884, above cited. That question is material only in case the authority to make the improvement is controlled by later legislative acts, which will be considered hereafter. We repeat that there is no valid objection to any of the proceedings, nor to the assessment for the improvement, if it was rightfully done under the act of 1884. We will not set out that act and the ordinance of the city passed under it.

The contention of the appellants is that the improvement should have been made under chapter 14, Laws 1890, as amended by chapter 12, Laws 1892, which last named act took effect on the fifth day of April of that year. The question as to the effect of

the act of 1890 requires no extended consideration. It is enough to say of that act that it did not apply to the city of Clinton. It was expressly limited to improvements made by cities acting under special charters. The act of 1892 is an amendment to the act of 1890, and makes the provisions of that act "applicable to all cities containing a population of over four thousand, and all cities organized and existing under special charters." It is urged with great earnestness and apparent confidence that the assessment is void because it was made after this last named amendatory act took effect and became in force. The city passed a resolution providing for the making of the improvement in question on the fifteenth day of February, 1892, and advertised for bids for doing the work on the twenty-first day of March, 1892. The contract was let April 27, 1892. It will be seen from these dates that the work was ordered and proposals invited before the act of 1892 took effect. We do not find it necessary to determine the question whether the act of 1892 was applicable to the city of Clinton, nor whether, after inviting proposals for the improvement, it should have repealed its ordinance, changed its proceedings, and complied with the act of 1890. The following act was passed by the General Assembly, and approved on the twenty-third day of March, 1894: "Whereas, doubts have arisen with regard to the regularity or legality of the ordinances of the city of Clinton, Clinton county, Iowa, respecting the paving of its streets, and resolutions levying the taxes therefor, and the appropriation of funds for the erection of the city hall of said city, erected in the year 1893: Therefore, be it enacted by the General Assembly of the state of Iowa: Section 1. That the ordinance of the city of Clinton, Clinton county, Iowa, relative to paving its streets, and the resolutions assessing and levying taxes therefor, and for the appropriation of funds for the

building of the city hall of said city, erected in the year 1893, be legalized, and that the actions of said city council in respect thereto be of as binding force as though acting in strict conformity to law.   Approved March 23, 1894."   There is no doubt that this act was passed for the very purpose of legalizing the proceedings of the city council of Clinton in relation to the paving of its streets.    It was passed after this action was commenced.   If valid in other respects, the fact that this action was then pending does not affect the curative act    State v. Squires, 26 Iowa, 340; Tuttle v. Polk, 84 Iowa, 12 (50 N. W. Rep. 38).  The act in question legalizes the ordinance of the city, and the resolutions assessing and levying the taxes or special assessments for the paving of the streets.  There ought to be no question that it is a valid legalizing act.   It has many times been held by this court that it is within the power of the legislature to legalize any defect in proceedings of this kind if the defect or omission or want of compliance with the law is such that it might have been dispensed with by a prior statute.   Boardman v. Beckwith, 18 Iowa, 292; State v. Squires, 26 Iowa, 340; Richman v. Supervisors, 77 Iowa, 517 (42 N. W. Rep. 422); Tuttle v. Polk, supra. There is no question in our minds that the act under consideration is within the scope of a lawful curative act.   In Boardman v. Beckwith, supra, it was held that a tax, although assessed without any authority of law, may be legalized.   This disposes of the important question in the case.

The city adopted the plan outlined by the act of 1884, and provided for two classes of bonds to be issued to pay for the improvement.   One class is what is known as "District Improvement Bonds."   These bonds were to pay for the improvement, except that part of it which was made upon the intersections of streets and alleys, and opposite property owned by the

city. To provide for the payment of improving the intersections and in front of lots or land owned by the city, other bonds were issued, which were payable from taxes levied by the city for that purpose. It is contended that the bonds thus issued created liabilities which exceeded the constitutional limit of five per cent. on the assessed valuation of the property within the city. The amount of the city indebtedness is not in dispute, and the record shows the assessed valuation. If the district improvement bonds are not a city debt, then the other bonds to pay for the intersections added to the present city debt, do not equal five per cent. of the assessed valuation. We need not set out the amounts and make the calculation. There is no question about the correctness of the last above statement. There ought to be no question that the district improvement bonds are payable from the special assessment made against the owners of abutting property, and in no other manner. We will not set out a copy of these bonds. They plainly provide for payment to be made from the special assessments, and they are not general bonds against the city. This court held, years ago, that where a contractor for a service, accepted certificates of assessments made upon adjacent property, in full satisfaction of his work, such certificates did not create a debt against the city, within the meaning of the article of the constitution, limiting the lawful indebtedness of a city to five per cent. of the value of its taxable property. *Davis v. City of Des Moines*, 71 Iowa, 500 (32 N. W. Rep. 470).

What we have said disposes of every objection made to the assessment in question. It is true, the questions certified are not answered seriatim; but when it is determined that the legalizing act is valid, and that the bonds issued are payable from the city

special assessments against the owners of abutting property, and in no other way, every proposition submitted to us is determined precisely as it was decided by the district court.

The amount involved in this appeal is trifling, and we might have disposed of it in a much more summary way than we have done; but both parties to the controversy requested a full consideration of the case, as the assessments in dispute, amount in the aggregate, to about one hundred and fifty thousand dollars.   The decree of the district court is AFFIRMED.