JAMES H. WINDSOR, *et al.*, v. THE CITY OF DES MOINES AND THE DES MOINES BRICK MANUFACTURING COMPANY, Appellants.

**Constitutional Law:** CURATIVE ACTS. Act April 10, 1894, to legalize certain unexecuted grading contracts made by the city of Des Moines, which were invalid by reason of defects in the notice of proposals for bids, is a valid curative act, and does not contravene. Constitution, article 3, section 30, forbidding the passage of local or special laws for the incorporation of cities and towns. As the legislature had power in the first instance to authorize the making of the contract on the notice which was given, it can legalize it when made upon such notice.

SAME. Such act is not invalid because no work was done under the contract when the curative act was passed, nor because abutting owners protested against beginning the work. The existence of such conditions should appeal to the legislative discretion, but does not affect the power of the legislature under the constitution.

**Public Improvements:** NOTICE. Under a statute requiring notice of proposals for public improvements to state the extent of the work, etc., a notice announcing that "proposals for grading, paving, and sewerage, *    *    *    at a certain place, till a specified time," for the following described work: *    *    * Brick paving. Two courses of brick, on sand foundation, with top filler, as described "in specifications on file " *First.* "West Grand avenue from Twenty-eighth street to 400 feet west of Park Lane," is insufficient.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

FRIDAY, FEBRUARY 12, 1897.

ACTION to declare invalid a contract for certain paving in the city of Des Moines, and for an injunction to restrain the performance of the contract. Decree for plaintiffs, and the defendants appealed.— *Reversed.*

*Guernsey & Baily* and *J. K. Macomber* for appellants.

*Cummins, Hewitt & Wright* for appellees.

GRANGER, J.—The plaintiffs are fifteen in number, and are abutting property owners on West Grand avenue, from Twenty-eighth street to four hundred feet west of Park lane, in the city of Des Moines. In September, 1893, the board of public works of Des Moines entered into a contract for the paving of said avenue between the points named, which contract the plaintiffs alleged to be invalid, for the reasons, among others, that the notice required by law was not given. It is alleged in the petition that afterwards the Des Moines Brick Manufacturing Company, recognizing the invalidity of the contract, caused to be introduced into the general assembly of Iowa a bill entitled "A bill for an act to legalize the acts of the city council and board of public works of the city of Des Moines, in entering into certain contracts for paving, with the Des Moines Brick Manufacturing Company," and it appears that such an act was passed by the Twenty-fifth General Assembly. It is averred that the act so passed did not cure the defects in said contract, and that it is still of no force. It is further averred that the defendant, the Des Moines Brick Manufacturing Company is about to proceed with the construction of the pavement, and a temporary injunction was asked and granted. On the trial, the district court adjudged the contract void, and that the legalizing act, as to the contract in question, was of no effect, and permanently enjoined the defendants.

The first proposition argued is as to the sufficiency of the notice required in such cases. The complaint as to the notice is that it did not state as nearly as practicable, the extent of the work, when it

was to be done, or at what time the proposals were to be acted upon. The following is the provision of the law governing such a notice: "All. such contracts shall be made by the council, or board of public works, when such board shall exist, in the name of the city, and shall be made with the lowest bidder or bidders, upon sealed proposals, after public notice for not less than ten days, in at least two newspapers of said city, which notice shall state, as nearly as practicable, the extent of the work, the kind of materials to be' furnished, when the work shall be done, and at what time the proposals shall be acted upon." The notice published, so far as it is important, is as follows: "Proposals for Grading, Paving and Sewerage. Sealed proposals will be received by the board of public works of the city of Des Moines, Iowa, at their offices in the city hall, until 10 o'clock A. M. Thursday, August 3, 1893, for the following decribed work, as per plans and specifications now on file in the office of the board of public works: Brick Paving. Two courses of brick, on sand foundation, with top filler, as described on pages 9 and 10 of specifications. *First.* West Grand avenue from. Twenty-eighth street to four hundred feet west of Park lane." Besides the defective notice, it is contended in argument that the contract is invalid because not awarded to the lowest bidder, because no time is fixed for its beginning or the completion of the work, and because it includes an obligation on the part of the contractor to maintain the pavement in repair for an indefinite number of years.

That the notice was insufficient, there is no doubt. It fails to meet the letter and spirit of the statute in more than one particular. Some of the objections to the contract involve questions of fact, which we do not find it necessary to consider. For the purposes of the case, it may be conceded

that in all the particulars above noticed, the contract was defective; and it may also be said that, but for the legalizing act, the holding of the district court would be sustained. This brings us to consider the effect of the legalizing act. The act took effect April 10, 1894. This suit was commenced July 17, 1894. Appellees contend vigorously that the act is unconstitutional, as being in contravention of constitutional provisions: *First*, that it does not come within the general legislative power; and *second*, that it violates section 30, of article 3, of the constitution, wherein the legislature is forbidden to pass local or special laws for the incorporation of cities and towns. This argument was prepared before the case of *City of Clinton v. Walliker*, 98 Iowa, 655 (68 N. W. Rep. 431), was determined in this court. In that case the same questions were presented as to an act legalizing ordinances and acts of the city council of Clinton as to the paving of streets. Answering, among others, the point, made in argument, that the act was in violation of the constitutional provision as to special legislation under the provision cited, it is said: "The act in question legalizes the ordinance of the city, and the resolutions assessing and levying the taxes or special assessments, for the paving of the streets. There ought to be no question that it is a valid legalizing act. It has many times been held by this court, that it is within the power of the legislature to legalize any defect in proceedings of this kind, if the defect, or omission, or want of compliance with the law, is such that it might have been dispensed with by a prior statute." After citing cases in support of the rule, it is said: "There is no question in our minds, that the act under consideration is within the scope of a lawful curative act." That case was cited by appellants in a reply, and appellees then presented a brief

additional argument, directed alone to that case,. claiming that it in no way impaired their position, and they point out, that in the *Clinton-Walliker Case*, the matters cured were, as to the publication of the assessment list, and posting it in a conspicuous place, instead of filing a plat, and including seven dollars and five cents for grading. It is then urged, that in that case, the property owners made no protest, but permitted the work to be done, realized the benefits, allowed the bonds to be issued, and then made trivial objections, while it is urged—and the point is made prominent throughout—that this suit was commenced before the work was entered upon, when, as to the contractor, his only interest was anticipated profits. Equitably considered, the cases are manifestly different, and, no doubt, in determining legal questions, including those of a constitutional nature, equitable considerations should have their proper bearing. But, can we consistently hold, on a question of constitutional legislative authority, that after a void contract has been, in whole, or in part, performed, the legislature may, to protect equitable rights, make the contract valid by a curative act, and then say that it has no such authority as to the contract before it is performed? While the two cases might present to the legislature very different grounds or reasons for its action, we do not think that they invoke different rules for constitutional interpretation. It is not to be said that strong equitable circumstances might not arise for legislative interference to make valid an unperformed contract. It seems to us that the reasons are such as should be presented to the legislature, that can exercise a discretionary power. We think it would be an unheard-of rule of constitutional law to make the legislative authority as to the same subject different because of such a difference in facts. That

the legislature has authority to legislate on the subject is well settled, and not disputed. The constitution is but a limitation on legislative authority, and we know of no language in it to warrant the distinction claimed. It is said that the act destroys vested rights, because it burdens the owners of property with an assessment which is the result of a bid not made under a notice prescribed by statute, etc. It no more does that than would the statute have done had it permitted the bid to be made as this one was made, and we think the legislature could have so authorized. If it could, then under the well-established rule of this and other states, it can legalize the act after it is done. Again, it is to be said that it no more destroys vested rights than it would if the contract had been executed and then legalized, so that the question comes back to making the distinction between legalizing a contract before and after it is executed. While in this case there appear reasons against the policy of such an act, in another case it might not appear so. It is, in any event, a question of legislative discretion. The judgment is REVERSED.