Argued 19 October; decided 6 November, 1899.

**NOTTAGE v. CITY OF PORTLAND.**

[58 Pac. 883.]

</div>

| 35 | 539 |
|---|---|
| e40 | 53 |
| e40 | 55 |

1. Constitutionality of Retrospective Legislation—Taxation—In the absence of a constitutional restriction a legislature may validate taxation or assessment proceedings which have been carried on in a way not provided by law, but in a way that might have been originally adopted, and may also retrospectively declare immaterial statutory requirements that might have been dispensed with in the first instance.

   35  539
   47  245

2. Municipalities—Curing Void Street Assessment.—It is within the power of the legislature to cure proceedings for a street improvement that are void because based on a petition that did not have the requisite number of signers, for, if the legislature had chosen, it could have provided for making the improvement without any petition whatever.

3. Constitutional Law—Subject-Matter of Act.—The subject-matter of ratifying and validating prior void proceedings for street improvements is germane to the title, "An act to incorporate the City of Portland, and provide a charter therefor."

4. Construction of Curative Act—Pleading.—A curative act designed to validate previous defective and void street improvement proceedings, and providing for an action to recover the amount of the assessment from the

owner of the property charged, is available as a defense to an action against the city to recover the amount already paid on a void street assessment.

5. CURATIVE ACT—NOTICE—DUE PROCESS OF LAW.*—Such an act is not void as authorizing a taking of property without notice and an opportunity to be heard on the validity of the assessment, where the owner originally had notice of the proceedings, and was accorded an opportunity to be heard on the amount he should pay. If an opportunity for a hearing is granted at some stage of the proceedings there is not a taking without due process of law.

6. OBLIGATION OF CONTRACT†—VESTED RIGHT OF ACTION.—There is no "contract" between a city and a property owner therein that the city will return him the amount that he has paid it on a void street assessment, and consequently such owner cannot have any vested right to recover such payment. There are no vested rights in either defenses or rights of action based on mere informalities.

7. STATUTORY CONSTRUCTION—CURATIVE ACT.—A section of a city charter which provides that if any assessment for street improvements theretofore or thereafter made in such city shall be found or adjudged to be invalid for any reason whatever, the city shall have power to bring actions against the owners of the land charged with the improvement for their respective shares of the expense of the work, is not unconstitutional as a usurpation of judicial authority, but is a validating act, though it does not use any of the words " ratify," " confirm," or "validate."

8. CONSTRUCTION OF STATUTE.—Section 156 of the Portland city charter of 1898 (Laws, 1898, p. 163, § 156), which provides that if, upon the completion of any street improvement, the cost of which has been declared by the common council to be a charge upon the adjacent property, any assessments levied to pay therefor shall have been or may thereafter be found or adjudged to be invalid for any reason whatever, whether jurisdictional or otherwise, the city shall then have power to bring an action in the circuit court against the owners of the several parcels of land upon which the cost of such improvement has been charged, and recover from such owners their respective portions of the cost of such improvement, and of the costs and disbursements of such action, and that a lien therefor shall be declared upon the premises assessed for such improvement, is not unconstitutional as authorizing a personal judgment against the owner, and imposing obligations on him not provided for in the charter at the time of the improvement, since it does not contemplate a personal judgment against the property owner which may be generally enforced against his property, but authorizes the recovery of a judgment against the property owner to be enforced only against the property liable for such improvement.

From Multnomah : ARTHUR L. FRAZER, Judge.

*NOTE.—See *Grady* v. *Dundon*, 30 Or. 333, 337; *Towns* v. *Klamath County*, 33 Or. 226, 233; *Sullivan* v. *Cline*, 33 Or. 260; *Hood River Lumber Co.* v. *Wasco County*, 35 Or. 498.—REPORTER.

†NOTE.—Read *Ladd* v. *City of Portland*, 32 Or. 271 (67 Am. St. Rep. 526.).
                                                                —REPORTER.

This is an appeal from a judgment in favor of plaintiff Kittie C. Nottage in an action brought by her against the City of Portland to recover $308.63 paid in discharge of an assessment against her property for the improvement of Eighth Street under an ordinance of the city, adopted in May, 1892.   It is admitted by the defendant that, as alleged in the complaint, the assessment was invalid, and has been so adjudged by the Circuit Court of Multnomah County, because the petition for the improvement did not contain the names of the owners of one-half of the property affected thereby, as required by the city charter then in force (Laws, 1891, p. 824), and the defense is :   (1) That the payment by plaintiff was a voluntary one ; and (2) that the defect in the proceedings for the improvement was cured by section 156 of the charter of the city adopted at the special session of 1898, which provides, in effect, that if, upon the completion of any street improvement, the cost of which is declared by the common council to be a charge upon the adjacent property, any assessment or assessments levied to defray the cost thereof are found or adjudged to. be invalid for any reason, whether jurisdictional or otherwise, the city shall have power to bring an action against the owner or owners of the several pieces or parcels of land upon which the cost of such improvement might or could be charged, and recover the proportion of the cost thereof chargeable to each of such lots or parcels of land, and in such action the persons whose property is or would be liable for the payment of any portion of the assessment may be joined as parties defendant, and the judgment rendered shall be a several one against each of the defendants for his proportion of the assessment and costs and disbursements, and a lien therefor shall be decreed upon the premises liable or assessed for such street improvement ;  and the general laws of the state governing actions at law, service

of summons, and other process shall apply in such action. It is further provided in the same section that if "any assessment heretofore made or levied by the city for any street improvement, repair of a street when the cost thereof has been declared by the common council to be a charge upon the adjacent property, or any sewer, * * * shall have been or shall hereafter be found, declared, or adjudged to be invalid or uncollectible for any reason, whether because of any defect, jurisdictional or otherwise, or any insufficiency, irregularity, or informality whatever in the original petition therefor, if any, or in any stage of the proceedings, the city shall have power to bring actions in the Circuit Court for the State of Oregon for Multnomah County against the owner or owners of the lot or lots, block or blocks, parcel or parcels of land upon which the cost of such improvement, repair * * * might or could be charged or imposed under the terms of this act, and recover from said owner or owners the proportion of the cost of such improvement, repair * * * heretofore charged to each of said lots or blocks or parcels of land. In any such actions all the provisions contained in this section relative to the method of procedure, joinder of parties, trial, judgment, and other matters for the collection of assessments shall apply."

Judgment having been entered for plaintiff, notwithstanding this section of the new charter, the city appealed.

REVERSED.

For appellant there was an oral argument by *Messrs. Joel M. Long*, City Attorney, and *Ralph R. Duniway*, with a brief to this effect:

It is clearly the law that the legislature could have provided prospectively that this street could be improved by the common council at the cost of the abutting prop-

erty without any petition whatever, and, therefore, under the following authorities the legislature could make the absence of the petition immaterial. The legislature, by section 156 of the charter of 1898, has clearly and distinctly manifested its intention to cure all defective street and sewer assessments and make them collectible. The above authorities demonstrate that the legislature has power to pass such a law, and the reading of the section demonstrates that the legislature has exercised its power and passed such a law. It therefore follows that the courts ought to enforce that law.

I.    The legislature may cure retrospectively any defect in municipal proceedings which the legislature could have made immaterial prospectively :    *Mitchell* v. *Campbell*, 19 Or. 203, 210 ;    *Spencer* v. *Merchant*, 100 N. Y. 585, S. C. 125, U. S. 345 ;    *Donley* v. *Pittsburg*, 147 Pa. St. 351, 353 ( 30 Am. St. Rep. 738 ) ;    *Richmond* v. *Supervisors*, 77 Iowa, 513 (4 L. R. A. 445, 14 Am. St. Rep. 308) ;    *Wistar* v. *Foster*, 46 Minn. 484 ( 24 Am. St. Rep. 241 ) ;    *Brewster* v. *Syracuse*, 19 N. Y. 116 ;    *State ex rel.* v. *City of Ballard*, 16 Wash. 418 ;    *Lamb* v. *Connolly*, 122 N. Y. 531 ;    *State ex rel.* v. *Winter*, 15 Wash. 407 (46 Pac. 644);    *Abernathy* v. *Medical Lake*, 9 Wash. 112 ;    *City of Clinton* v. *Walliker*, 98 Iowa, 655 ;    *Tifft* v. *City of Buffalo*, 82 N. Y. 204, 218 ;    *Matter of Sackett Street*, 74 N. Y. 95, 106, 107 ;    *In re Van Antwerp*, 56 N. Y. 261 ;    *Reed* v. *Plattsmouth*, 107 U. S. 568 ;    Dillon, Mun. Corp. §§ 79, 419, 813, 814 ;    Cooley, Const. Lim. (6 ed.) 466, 469, 291, 292, 283, 228 ;    Cooley, Tax'n (2 ed.), 300, 303 ;    6 Am. & Eng. Enc. of Law (2 ed.), p. 941, and a large number of cases there cited ;    *Dill* v. *Roberts*, 30 Wis. 178, 185 ;    *Chester* v. *Bullock*, 187 Pa. St. 544 ;    *Saranac Loan Co.* v. *Roberts*, 83 Fed. 436 ;    *Shattuck* v. *Smith*, 6 N. D. 56.

II.    Ratification may be by implication :    *Mattingly* v. *District of Columbia*, 97 U. S. 687 ;    *Campbell* v. *Kenosha*, 72 U. S. ( 5 Wall.) 594 ;    *Brown* v. *Mayor*, 63 N. Y. at p. 244 ;    *The Clinton Bridge*, 77 U. S. (10 Wall.) 454.

. III.    The legislature may validate a city ordinance so as to save the lien of a tax levy under it, and it is not necessary to require a reassessment by the council : *Schenley* v. *Commissioners*, 36 Pa. St. 29, 56, 57 (78 Am. Dec. 359);    *Richman* v. *Supervisors*, 77 Iowa, 513 (14 Am. St. Rep. 308, 4 L. R. A. 445) ;    *Matter of Sackett Street*, 74 N. Y. 76–77 ;    *Tifft* v. *City of Buffalo*, 82 N. Y. 204–218 ; *Brown* v. *Mayor*, 63 N. Y. at p. 244 ;    *In re Van Antwerp*, 56 N. Y. 261 ;    *Lennox* v. *Mayor*, 55 N. Y. 361.

IV.    A curative statute can cure any want of jurisdiction which was created by the legislature, but the legislature cannot create a greater jurisdiction retrospectively than it could prospectively :    *Richman* v. *Supervisors*, 77 Iowa, 513 (14 Am. St. Rep. 308, 4 L. R. A. 445); *Spencer* v. *Merchant*, 100 N. Y. 585 (S. C. 125 U. S. 345); *Donley* v. *Pittsburg*, 147 Pa. St. 348 (30 Am. St. Rep. 738) ; *Whitney* v. *Pittsburg*, 147 Pa. St. 351 (30 Am. St. Rep. 740) ; *State ex rel.* v. *City of Ballard*, 16 Wash. 418 ;    Cooley, Const. Lim. (6 ed.) 470–471 ;    *Dill* v. *Roberts*, 30 Wis. 178, 185 ; Cooley, Tax'n (2 ed.), 302, 303 ;    Dillon, Mun. Corp. §§ 79, 419, 813, 814.

V.    The tax may be reassessed, notwithstanding a change of ownership of property :    *Tallman* v. *Janesville*, 17 Wis. 71 ;    *Cross* v. *Milwaukee*, 19 Wis. 509 ;    *May* v. *Holdridge*, 23 Wis. 93 ;    *Brevoort* v. *Detroit*, 24 Mich. 322, and note ;    *In re Van Antwerp*, 56 N. Y. 261 ;    *Dill* v. *Roberts*, 30 Wis. 178–185 ;    *Mills* v. *Charleton*, 29 Wis. 400–411 (9 Am. Rep. 578);    *Dean* v. *Borchsemus*, 30 Wis. 236.

VI.   The legislature has a right to provide for the collection of taxes by suit as well as by the more summary method of levy and sale:  Dillon, Mun. Corp. §§ 815, 816, 817, 818 ;   2 Desty, Tax'n, § 126, and cases there cited ; Cooley, Tax'n (2 ed.), 673 ;   *Dashiel* v. *Baltimore*, 45 Md. 615 ;   *Wolf* v. *Baltimore*, 49 Md. 446 ;   *Moale* v. *Baltimore*, 61 Md. 224 ;   *Davidson* v. *New Orleans*, 96 U. S. 97.

VII.   In the following cases a curative statute very similar to the one now before the court was adjudged valid :   *Tallman* v. *Janesville*, 17 Wis. 71 ;   *Cross* v. *Milwaukee*, 19 Wis. 509 ;   *May* v. *Holdridge*, 23 Wis. 93 ; *Brevoort* v. *Detroit*, 24 Mich. 322, and note ;   *In re Van Antwerp*, 56 N. Y. 261 ;   *Mills* v. *Charleton*, 29 Wis. 400–411 (9 Am. Rep. 578) ;   *Dill* v. *Roberts*, 30 Wis. 178–184 ; *Dean* v. *Borchsemus*, 30 Wis. 236.

For respondent there was an oral argument and a brief by *Messrs. Greenbury W. Allen* and *Fred M. Mulky*, to this effect :

I.   The said assessment was illegal and void for want of jurisdiction in the common council to make the same, and section 156 of the city charter did not ratify, confirm, validate, or cure it.   Section 156 does not apply to the case at bar.   By its terms, it simply creates a cause of action in favor of the city against the person of the owner of property defectively assessed, and is put into operation only by the bringing of such action by the city.   The appellant has not invoked the aid of this section by instituting such action.   Respondent having paid her assessment there remains nothing for the law to operate upon :   Charter, Section 156 (Laws, 1898, p. 163) ;  Cooley, Tax'n (2 ed.), 305.

II.   This section does not provide for nor allow any defense.   It only prescribes the amount of the judgment

to be entered—being the amount of the prior invalid assessment—without a hearing, or notice giving an opportunity to be heard, at any stage of the proceeding as to the validity or amount of the assessment, and it is therefore void, as it gives no "day in court," and deprives the owner of his property without due process of law : Cooley, Tax'n (2 ed.), 299, 303, 305 ; *Plumer* v. *Supervisors*, 46 Wis. 163, 185–186 ; Fourteenth Amendment to the United States Constitution ; *Albany City Bank* v. *Maher*, 9 Fed. 884 ; *Exchange Bank Tax Cases*, 21 Fed. 99, 102 ; note to *People* v. *Seymour*, 76 Am. Dec. 529–537 ; *Commissioners of Shawnee County* v. *Carter*, 2 Kan. 106, 125 ; *Brady* v. *King*, 53 Cal. 44, 45 ; *Maxwell* v. *Goetschius*, 40 N. J. Law, 383, 389, 390 (29 Am. Rep. 242); Elliott, Roads & Sts. p. 425 ; *Forster* v. *Forster*, 129 Mass. 560.

III.   When respondent paid this assessment by coercion of law, and under protest, to prevent a cloud upon her title, and particularly after the assessment was adjudged invalid by decree of court, the law created an implied contract between the parties,—a vested right of action in the respondent to recover, and a duty imposed upon the appellant to pay back, the money so paid and received.   Said section, if it apply to this case at all, operates as a law impairing the obligations of that implied contract : *Fisk* v. *Jefferson Police Jury*, 116 U. S. 132–134 ; *Murray* v. *Charleston*, 96 U. S. 432, 444 ; Federal Constitution, Art. I, § 10 ; Oregon Constitution, Art. I, § 21.

IV.   Again, the retrospective clause of said section 156 is in no sense a curative or validating measure, but it is in express terms an act overturning past as well as future decisions of the courts when made.   This, we contend, is beyond the power of the legislature to do,

and is a plain usurpation of judicial authority, prohibited by the constitution; Cooley, Tax'n (2 ed.), 229; *Forster* v. *Forster*, 129 Mass. 559, 561; *People* v. *Supervisors of Saginaw*, 26 Mich. 22–28; *Hooker* v. *Hooker*, 18 Miss. 599, 601; *Richards* v. *Rote*, 68 Pa. St. 248, 256; Cooley, Const. Lim. (6 ed.) pp. 94, 112, 113, 114; *Mayor* v. *Porter*, 18 Md. 285, 301–302 (79 Am. Dec. 686); *Baltimore* v. *Horn*, 26 Md. 194, 206–207; *Billings* v. *Detten*, 15 Ill. 218, 219.

V. Section 156 of the charter purports to cure jurisdictional matters. In the passage of curative statutes the legislature is restricted to defects and irregularities, and cannot cure matters that go to the jurisdiction: Elliott, Roads & Sts. p. 424, and cases there cited; Cooley, Const. Lim. (6 ed.) 456, note 1; *Maxwell* v. *Goetschius*, 40 N. J. Law, 383, 391–393 (29 Am. Rep. 242); *Hart* v. *Henderson*, 17 Mich. 218; *Brady* v. *King*, 53 Cal. 44, 45; *People* v. *McCune*, 57 Cal. 153; *Petition of Hearne*, 96 N. Y. 378–381; *In re Second Ave. Church*, 66 N. Y. 395–400; *People* v. *Brooklyn*, 71 N. Y. 495–498; see elaborate note to *People* v. *Seymour*, 76 Am. Dec. 529–537.

Mr. Justice Bean, after stating the facts in the foregoing language, delivered the opinion of the court.

1. We shall notice the second defense only, for, in our opinion, it is decisive of the case. Statutes in one form or another designed to cure defects or irregularities in proceedings for the improvement of streets in municipalities are of frequent occurrence, and have often been the subject of judicial consideration. The right of a municipality to improve a street at the expense of the abutting property rests for its legality wholly upon the provisions of its charter, and, as such provisions are the measure and mode of its power, any substantial deviation there-

from is without right or authority, and, in the absence of a curative statute, will render proceedings void when in many instances no one has been injured by the mistake or omission, and the property owner has received the benefit of the improvement. The courts are therefore disposed to regard with favor legislation having for its object the validation of such proceedings, and to uphold such legislation when it does not impair vested rights, or provide for taking property without due process of law. And it may be regarded as settled that the legislature may, unless restricted by the state constitution, legalize or validate retrospectively a proceeding for the improvement of a street which it might have authorized in advance, and it may also cure defects in or make immaterial statutory requirements which it could have dispensed with in the first instance : Elliott, Roads & Sts. 424 ; 1 Dillon, Mun. Corp. § 79 ; Cooley, Tax'n, 305 ; Cooley, Const. Lim. 457 ; note to *People* v. *Seymour*, 76 Am. Dec. 527. A reference to a few of the decided cases will illustrate the application of this doctrine.

2.   In *Mattingly* v. *District of Columbia*, 97 U. S. 687, the board of public works caused a street in the City of Washington to be improved, and, after the completion of the work, made an assessment of one-third of its cost upon the property adjoining, under a very vague and indefinite grant of power, proportioning it according to the frontage. The property holders along the line of the street brought a bill for an injunction against the collection of the assessment on the grounds :   (1) That the board was not authorized by law to make the improvement ; (2) that no law existed at the time prescribing the manner in which the board should make assessments ; (3) that assessments according to the frontage on the street were unauthorized and illegal ; and (4) that in making the assessment certain property had been

omitted.   But the court refused to inquire whether the
charges of the bill were well founded, saying : "Such
an inquiry can have no bearing upon the case as it now
stands ; for, were it conceded that the board of public
works had no authority to do the work that was done at
the time when it was done, and consequently no authority
to make an assessment of a part of its cost upon the com-
plainants' property, or to assess in the manner in which
the assessment was made, the concession would not dis-
pose of the case, or establish that the complainants have
a right to the equitable relief for which they pray.   There
has been congressional legislation since 1872, the effect
of which upon the assessment is controlling.   There were
also acts of the legislative assembly of the district which
very forcibly imply a confirmation of the acts and assess-
ments of the board of which the bill complains.   If con-
gress or the legislative assembly had the power to commit
to the board the duty of making the improvements, and
to prescribe that the assessments should be made in the
manner in which they were made, it had power to ratify
the acts which it might have authorized ;  and the ratifi-
cation, if made, was equivalent to an original authority.
Under the constitution, congress had power to exercise
exclusive legislation in all cases whatsoever over the dis-
trict, and this includes the power of taxation.   Congress
may legislate within the district respecting the people
and property therein, as may the legislature of any state
over any of its subordinate municipalities.   It may, there-
fore, cure irregularities, and confirm proceedings, which,
without the confirmation, would be void, because unau-
thorized, provided such confirmation does not interfere
with intervening rights."   The court then proceeds to
examine the question whether the assessments had been
confirmed and ratified by subsequent acts of the Legisla-
tive Assembly of the District of Columbia and of con-

gress, and, concluding that they had been so ratified, held them valid, and affirmed the judgment of the court below dismissing the bill.

Again, after the proceedings of the board of commissioners of one of the counties of Indiana in the matter of the construction of a graveled road at the expense of the property benefited had been held invalid by the court because the·initiatory steps were taken at a special and not a regular session of the commissioners, the legislature passed an act in terms legalizing and declaring valid such proceedings and the assessments and charges made for the construction of such road, and this act was held valid in *Johnson* v. *Board of Com'rs of Wells County*, 107 Ind. 15 (8 N. E. 1), the court saying : ''It is settled by our decisions and the authorities elsewhere that curative or retrospective statutes may cure defects and irregularities in proceedings, even though the defects and irregularities are so flagrant as to render the proceedings, for all practical and enforceable purposes, null and void :'' *Tifft* v. *City of Buffalo*, 82 N. Y. 204, was an action brought to set aside an assessment upon the premises of plaintiff for repairs of a street in the City of Buffalo, which was admittedly invalid on account of a failure to comply with the requirements of the city charter, but it was held that the defect was cured by a subsequent act of the legislature to legalize such proceedings, and that it was no objection that it deprived the plaintiff of a defense against the collection of such assessment on the ground of informality, the court saying : ''Again, the legislature has the power, to a certain extent, of retrospective legislation. It is not an unlawful exercise of this power to take away defenses based on mere informalities. A party has no vested right in a defense based upon an informality not affecting his substantial equities. The legislature may change or modify the effect of prior

transactions in cases where retrospective legislation is not forbidden by the fundamental law. Such legislation has been held to be lawfully directed to the cure of irregularities in an assessment of property for taxation and the levy of taxes thereon." In *Richman* v. *Supervisors of Muscatine County*, 77 Iowa, 513 (4 L. R. A. 445, 14 Am: St. Rep. 308, 42 N. W. 422), an act of the legislature was held valid which legalized proceedings in the construction of a levee and the assessment of the cost therefor against land supposed to be benefited, which had theretofore been held void by the supreme court for want of jurisdiction because "a petition was not filed in the office of the county auditor, signed by a majority of the persons, residents of the county, owning lands adjacent to the improvement, setting forth the same, and the starting point, route, and termini," as provided by the statute in such cases.

In *Whitney* v. *City of Pittsburg*, 147 Pa. St. 351 (30 Am. St. Rep. 740, 23 Atl. 395), it was held that a defect in proceedings for the improvement of a street because it was not made upon a petition of the owners of a majority in interest of the property abutting on the street, as required by the statute, was cured and rendered immaterial by a subsequent act of the legislature, the court saying : "Assuming these objections to be well taken, we are of opinion that the act of 1891 is broad enough in its terms to cure these defects. The most that can be said is that the work referred to was done without lawful authority, and this is the defect which the act was intended to cure." See, also, *Donley* v. *City of Pittsburg*, 147 Pa. St. 348 (30 Am. St. Rep. 738, 23 Atl. 394); *May* v. *Holdridge*, 23 Wis. 93 ; *Dill* v. *Roberts*, 30 Wis. 178 ; *In re Van Antwerp*, 56 N. Y. 261 ; *Brown* v. *Mayor, etc.*, 63 N. Y. 239 ; *City of Clinton* v. *Walliker*, 98 Iowa, 655 (68

N. W. 431); *Brevoort* v. *City of Detroit*, 24 Mich. 322; *State ex rel.* v. *City of Ballard*, 16 Wash. 418 (47 Pac. 970); *Shattuck* v. *Smith*, 6 N. D. 56 (69 N. W. 5). From the doctrine of these cases it is quite apparent that it is within the power of the legislature to cure retrospectively proceedings for the improvement of a street because the petition therefor did not have the requisite number of signers, since the legislature might have dispensed with such petition in the first instance, and authorized and empowered the municipality to initiate the proceeding for the improvement without any petition whatever. And as this is the defect claimed in the case at bar, it only remains to notice some of the specific objections made to the application and validity of section 156.

3. First it is claimed that the section is void because the subject-matter thereof is not expressed in the title of the act. The act of which the section is a part is entitled "An act to incorporate the City of Portland, and to provide a charter therefor, and to repeal all acts or parts of acts in conflict therewith," and we think, in view of the fact that it was but a reincorporation of a previously existing municipality, the matter of ratifying and validating prior proceedings for the improvement of streets is germane to the subject-matter of the title, and properly included in the act.

4. It is next claimed that it does not apply to the case at bar, because by its terms it simply authorizes an action by the city against the owner of property defectively assessed, and therefore, it is argued, cannot be used as a defense against an action to recover money already paid under an invalid assessment. But this position is wholly at variance with the evident purpose and object of the legislature, and would, if sustained, sacrifice the spirit of the statute to its mere form. It

was designed to enable the city to collect from the property benefited a proportionate share of the cost of improving the street in front thereof, notwithstanding any irregularities or defects in the proceedings for such improvement, and, in our opinion, may be used as a defense to an action by a property owner for the return of the money paid on his assessment on account of a defect or irregularity in the proceedings, as well as in affirmative actions for such cost by the city. In the former case the answer of the city setting up the statute as a defense is, for all practical purposes, equivalent to the bringing of an action within the meaning of the statute. If the plaintiff should be permitted to prevail, and recover the money heretofore paid on account of the defective assessment, the city would, under this statute, have a right to immediately bring an action against her to recover the money back; and, since the plaintiff has already paid the amount, there can be no reasonable objection to the city using the statute as a defense against an action to recover it.

5. It is also contended that the section prescribes the amount of the judgment to be entered in actions authorized by it without giving the property owner an opportunity to be heard as to the validity or amount of the tax to be raised, and is, therefore, unconstitutional and void. The language of the statute is not entirely clear, it being susceptible of two possible constructions, —either that it fixes the recovery at the amount previously assessed against the particular parcel of property, or at "the proportion of the cost of such improvement properly chargeable to such parcel or lot of land." But, under either view, the objection made is not well taken in this case, because it is within the power of the legislature to determine absolutely the amount of tax to be raised, and the lots or parcels of land among which it

is to be apportioned, and the plaintiff has no constitutional right to be heard upon either of these points. That question was litigated and settled in the leading case of *Spencer* v. *Merchant*, 100 N. Y. 585 (3 N. E. 682), Id., 125 U. S. 345 (8 Sup. Ct. 921). In that case, after an assessment for grading and improving a street at the expense of the property benefited had been held to be invalid by the Court of Appeals of New York (*Stuart* v. *Palmer*, 74 N. Y. 183, 30 Am. Rep. 289), and after some of the assessments had been paid, the legislature passed an act directing the supervisors of the proper county to levy and collect from the delinquent property the unpaid portion of the cost of such improvement, with interest thereon, first giving notice, by publication, of the time and place when they would meet to make such apportionment; and this act was held constitutional and valid by the Court of Appeals of New York and the Supreme Court of the United States, notwithstanding the fact that it determined absolutely and conclusively the amount of the tax to be raised, and the property to be assessed, and upon which it was to be apportioned; the court holding that under the provision for notice to and a hearing of each proprietor upon the question of what proportion of the tax should be assessed upon his land there was no taking of his property without due process of law. In the case at bar no objection is made to the validity of the original assessment on account of want of notice, so that, if section 156 is to be construed as fixing the amount of the judgment to be recovered at the amount of the prior invalid assessment, the plaintiff will not be deprived of her property without due process of law, because she had notice, and an opportunity to be heard, at the time the assessment was made, as to the amount to be charged against her property.

6. Again, it is claimed that when the plaintiff paid

the assessment by coercion and under protest the law created an implied contract on the part of the city to return it to her if wrongfully collected, and that the section in question is, therefore, void, because it impairs the obligation of such contract, and deprives her of a vested right of action. But there was no contract on the part of the city to return the amount of the invalid assessment paid by the plaintiff. Her right to recover was based upon an informality in the proceeding, and the legislature may lawfully take away such right, because a party has no vested right in a defense or right of action based upon an informality not affecting his substantial equity: Cooley, Const. Lim. 454; *Tifft* v. *City of Buffalo*, 82 N. Y. 204. This precise question was determined by the Supreme Court of Pennsylvania in *Grim* v. *School Dist.*, 57 Pa. St. 433 (98 Am. Dec. 237). In that case the plaintiff had paid an illegal tax under protest, and in an action to recover it back the school district set up as a defense the provisions of an act of the legislature legalizing and making valid such tax. It was claimed there, as here, that the act was unconstitutional, because at the time of its passage the plaintiff had a vested right to recover from the district the money which he had been compelled to pay without authority of law, and this vested right the legislature could not devest. But Mr. Justice SHARSWOOD, speaking for the court, said, in answer to this position: "If an act of assembly be within the legitimate scope of legislative power, it is not a valid objection that it devests vested rights. There is no clause, either in the Constitution of the United States or of this commonwealth, which prohibits retrospective laws. The legislature cannot impair the obligation of a contract, or pass an *ex post facto* law, for both these are expressly forbidden. But an *ex post facto* law is one which makes an act punishable in a

manner in which it was not punishable when it was committed. *Ex post facto* laws relate to penal and criminal proceedings, which impose punishments or forfeitures, and not to civil proceedings, which affect private rights retrospectively. Retrospective laws and state laws devesting vested rights, unless *ex post facto*, or impairing the obligation of contracts, do not fall within the prohibition contained in the Constitution of the United States, however repugnant they may be to the principles of sound legislation. * * * All acts curing irregularities in legal proceedings necessarily devest vested rights of the parties by closing the mouths of those who could otherwise avail themselves of such irregularities to escape from the fulfillment of what is a moral obligation, and, but for the irregularity, would be a legal liability. * * * To deny the validity of such laws would be to run the plowshare through hundreds of titles which are founded and repose in security upon them.''

7. It is next claimed that the section is in no sense a curative or validating statute, but is in express terms an act overturning past as well as future decisions of the courts, and is a plain usurpation of judicial authority, and therefore beyond the power of the legislature. But we do not think this position is sound. It is true, the section does not, in language, purport to validate or legalize irregularities in proceedings for the improvement of a street, but defects of this character may be cured by implication : *Mattingly* v. *District of Columbia*, 97 U. S. 687 ; *Campbell* v. *City of Kenosha*, 72 U. S. (5 Wall.) 194 ; *Brown* v. *Mayor*, etc., 63 N. Y. 239 ; *The Clinton Bridge*, 77 U. S. (10 Wall.) 454. And when the legislature authorized the city to bring an action against the property owners to recover the amount of the assessments, notwithstanding any irregularity or defect in the proceedings, it necessarily intended to and did render

immaterial such defects, and it can be no objection to the validity of the act that it does not use the words "ratify," "confirm," or "validate." Nor does the section in any way undertake to interfere with judicial decisions, or disturb rights acquired thereunder. It cures and attempts to cure defects in proceedings for the improvement of a street theretofore had, and which may in some instances have been declared void by the court on account of such defects, but there is no rule of law or constitutional construction which forbids or prohibits legislation of that kind. Indeed, an examination of the authorities will exhibit the fact that in many instances the paramount object of retrospective curative acts is to obviate the effect of some previous decision of a court declaring the proceedings invalid because of some defect or irregularity. Such is the case in *Spencer* v. *Merchant*, 100 N. Y. 585 (S. C. 125 U. S. 345); *Whitney* v. *City of Pittsburg*, 147 Pa. St. 357 (30 Am. St. Rep. 740); *Johnson* v. *Board*, 107 Ind. 15 (8 N. E. 1); and many of the other cases cited. It is even no objection to a curative statute that it was passed while a suit was pending, and was intended to cure defective proceedings involved in such suit: Cooley, Tax'n, 305, note; *City of Clinton* v. *Walliker*, 98 Iowa, 655 (68 N. W. 431); *People* v. *Seymour*, 76 Am. Dec. 521, 529.

8. And, finally, it is claimed that the section provides for a personal judgment against the property owner, and that the attempt to cure defects or irregularities in proceedings for the improvement of streets is thereby rendered unconstitutional and void, because it imposes obligations and duties upon the property owner not provided for in the charter of the city in force at the time of such improvement. If this construction of the section is sound, the objection is unquestionably well taken, so far as prior proceedings are concerned, because it is

not within the power of the legislature, by a curative act, to impose new duties or obligations: *Johnson* v. *Board of Com'rs of Wells County*, 107 Ind. 15 (8 N. E. 1). But we are of the opinion that, while the language of the section upon this point is somewhat involved, its proper and reasonable construction is that it does not contemplate a personal judgment against the property owner, to be enforced out of his general property. It is true it provides that the city shall have power "to bring actions against the owner or owners of property, and to recover from said owner or owners the proportion of the cost of the improvement," etc., but it is also provided that a lien therefor shall be decreed upon the premises liable or assessed for such improvement, and, in view of the previous policy of the state, as exhibited by its legislation, to confine the enforcement of assessments for the improvement of streets to the abutting property, and the further fact that legislation attempting to make the property owner personally liable would perhaps be subject to constitutional objections, we think this section should be construed as authorizing the recovery of a judgment against the property owner, to be enforced only against the property liable for such improvement. It is the duty of the court to sustain legislation of this character when it can be done without impairing the obligations of a contract, or violating some constitutional provision, and therefore the section should be construed so as to render it valid, rather than void.

This disposes of all the objections made to section 156 in this case, and we shall not assume at this time to decide any others. The judgment of the court below is therefore reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.     REVERSED.