THOMAS H. GILL, Appellant, v. DANIEL T. PATTON *et al*, Appellees.

Action to Annul Special Assessment: REASSESSMENT OF TAX.
1   Chapter 44, acts 22nd General Assembly gives cities the power to correct by ordinance and reassessment any defective assessment of a special tax and is not limited to prior assessments.

Same: MANNER OF ASSESSMENT: CONSTRUCTION OF STATUTES.
2   Statutes authorizing special assessments are strictly construed, and an assessment of town lots in pairs or *en masse* is void.

Same: ESTOPPEL TO DENY ASSESSMENT. One taking a conveyance
3   of property subject to "special assessments" is not estopped from denying the validity of assessments of which he had no knowledge, and which did not enter into the consideration for the deed.

*Appeal from Polk District Court.*—HON. CHAS. A. BISHOP, Judge.

FRIDAY, OCTOBER 17, 1902.

ACTION in equity asking that a special tax reassessed against lots in the city of Des Moines for the construction of a sewer, be declared void, and that the plaintiff be permitted to redeem from the tax sale for said special tax. Judgment for the defendants, from which the plaintiff appeals.—*Reversed.*

*Wm. H. Baily* for appellant.

*Nelson Royal* and *J. E. Mershon* for appellees.

SHERWIN, J.—The original assessment against the lots involved in this action was held illegal and void by the district court because the proposal for bids did not state as nearly as practicable when the work should be done, or when the proposals would be acted upon. After this decision the city council passed an ordinance which referred thereto, and which, in

1. SPECIAL assessment: reassessment of tax.

terms, ratified and confirmed all prior proceedings relating
to the construction of the sewer, and provided for a reas-
sessment of its cost upon abutting property.   A reassess-
ment was accordingly made under the terms of said ordi-
nance, and the appellant now contends that it is invalid
because of the holding of the district court in the original
case, and that chapter 44, Acts 22d General Assembly
should be limited in its operation to void or irregular as-
sessments made prior to its passage.

Neither of these views can be sustained.   Section 1 of
said chapter provides that ''whenever, by reason of an
alleged nonconformity to any law or ordinance or by rea-
son of any omission or irregularity, any special tax or as-
sessment is either invalid or its validity is questioned, the
city council may make all necessary orders and ordi-
nances and may take all necessary steps to correct the
same and to reassess and to relevy the same, including the
ordering of work, with the same force and effect as if made
at the time provided by law or ordinance relating thereto,
and may reassess and relevy the same with the same force
and effect as an original levy.''   The purpose of this act
was to give cities the power to correct alleged irregularities
or omissions, so that no property which was properly sub-
ject to a special tax should be permitted to escape its just
proportion of the public burdens.   Its language in no sense
limits its operation to prior assessments.   On the contrary,
it expressly says that ''whenever'' such assessments are
questioned the city council has power to act under its pro-
visions.   It was clearly intended to avoid the necessity of
repeated acts curing illegal or defective special assess-
ments.   As said in *Tuttle v. Polk*, 84 Iowa, 12, it applies
to acts previously done, as well as proceedings in the
future.   By its very terms it applies to any tax which is
either ''invalid or its validity is questioned.''   The fact
that the original assessment was declared void by the dis-
trict court did not estop the council from ordering a reas-

sessment, for the very reason that the act under consideration provides for a reassessment when the original assessment is invalid, and there is no surer method of determining its validity than by the judgment of a court having jurisdiction of the matter. Furthermore, section 7, chapter 6, Acts 22d General Assembly, provides for such reassessment "when any assessment shall be adjudged to be illegal by a court of competent jurisdiction." That it was competent for the legislature to thus enact cannot, we think, be questioned. *Richman v. Supervisors*, 77 Iowa, 513. And the prior adjudication in no way affected the reassessment. *Richman v. Supervisors, supra; Tuttle v. Polk, supra.* This conclusion is not in conflict with *Windsor v. City of Des Moines*, 101 Iowa, 343, for the questions now under consideration were not there involved.

II. Lots 1 and 2, 7 and 8, 13 and 14, 15 and 16, 37 and 38, and 43 and 44, were assessed in pairs. This method of assessment was in direct conflict with section 11, chapter 14, Acts 23d General Assembly, as amended by chapter 12, Acts 24th General Assembly, which provided that the city council should cause to be made and filed for public inspection a plat of the land which it proposed to assess, showing the separate lots or parcels of ground subject to assessment for the improvement, and the amount to be assessed against each lot or parcel of ground. It is a fundamental rule of the law that statutes authorizing such improvements must be strictly pursued, and that, when any of their substantial requirements are departed from, the proceeding is void. It may often be of the greatest importance to the landowner whose property is subjected to these necessary public burdens to know precisely the amount which has been determined to be a correct charge against each lot or parcel of his domain, and if the law is not strictly followed in this respect, and his property is assessed *en masse*, he is subjected to the additional burden

2. SAME: manner of assessment: statutes construed.

of ascertaining, if possible, from sources other than the assessment itself, what this amount is. The appellees' contention that the improvement and assessment were made under the provisions of chapter 6, Acts 22d General Assembly, does not relieve the situation. The act of the 23d General Assembly expressly repeals all others in conflict therewith, except such as are specifically named; and, if this were not the case, section 4, chapter 6, Acts 22d General Assembly, by implication, expressly recognizes the method of assessment contended for, in providing that the board of assessors "shall proceed to make the assessment on the various lots to be charged therewith in proportion, as nearly as may be, to the benefits which in their opinion shall result from such sewer."

III.    After the original assessment was made, and before it was declared void by the district court, the then owner transferred the lots to the p aintiff's grantor, who deeded to the plaintiff after the reassessment now under consideration. The first of these deeds recites that the conveyance is subject to

3. SAME: estoppel to deny assessment.

tax sales and taxes, "and special assessments for sewer, not to exceed $1,200." It is evident that no estoppel can be predicated upon the recital just noted, for the sufficient reason that the sewer assessment was afterwards decreed to be invalid. In the deed to the plaintiffs the conveyance is subject "to all special assessments," without any mention as to their nature. It is a familiar principle that, to constitute an estoppel against a party, he must have knowledge of the subject-matter. The record here is conclusive that the plaintiff had no knowledge of the reassessment for sewer purposes, and that the consideration he paid for the lots was without reference thereto. On the other hand, there were special assessments against the lots for paving and curbing, which he paid. We are of the opinion, therefore, that he is not estopped by his deed from questioning the reassessment.

The reassessment clearly appears to have been, in fact, based upon the benefits to the lots, and in this respect must be held valid, though it may be true that the area of the lots was considered when it was made; for, if they were large enough to admit of a subdivision, the benefits derived from the sewer might be enlarged thereby.

The question as to the remedy which should be sought in this case, raised for the first time in argument to us, need not be given farther notice.

The plaintiff is entitled to redeem from the tax sale upon payment of the amount of all taxes, except those assessed against the lots we have named, and as to those lots the reassessment is held void.—REVERSED.